# SONN *v.* MAGONÉ.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 16. Argued October 15, 1895. — Decided November 11, 1895.

Lentils and white medium beans in a dry state, both mature and ordinarily used for food, though sometimes sold for seed, imported into New York in the years 1887 and 1888, were properly classified by the collector as

vegetables under paragraph 286 of Schedule G of the act of March 3, 1883, c. 121, and as such were subject to a duty of ten per cent *ad valorem.*

*Maddock* v. *Magone*, 152 U. S. 368, affirmed to the point that "in construing a tariff act, when it is claimed that the commercial use of a word or phrase in it differs from the ordinary signification of such word or phrase, in order that the former prevail over the latter it must appear that the commercial designation is the result of established usage in commerce and trade, and that at the time of the passage of the act that usage was definite, uniform, and general, and not partial, local, or personal."

Whether the lentils and beans were properly classified by the collector was a matter for the court to decide.

THIS was an action to recover duties exacted by the collector of customs of the port of New York, and paid by the importers under protest in order to get their goods. The importations were made in the years 1887 and 1888, and the articles were invoiced in four of the six invoices as "white hand-picked Danubian beans;" in one as "haricots;" and in another as "Bohemia lentils."

By section 2502 of the customs duties act, passed March 3, 1883, 22 Stat. 488, c. 121, as a substitute for Title XXXIII of the Revised Statutes, duties were levied on the following articles: Under Schedule A, entitled "Chemical products," paragraph 94, "All barks, beans, berries, balsams, buds, bulbs, and bulbous roots and excrescences, such as nut-galls, fruits, flowers, dried fibres, grains, gums, and gum-resins, herbs, leaves, lichens, mosses, nuts, roots and stems, spices, vegetables, seeds, (aromatic, not garden seeds,) and seeds of morbid growth, weeds, woods used expressly for dyeing, and dried insects, any of the foregoing of which are not edible, but which have been advanced in value or condition by refining or grinding, or by other process of manufacture, and not specifically enumerated or provided for in this act, ten per centum *ad valorem.*" Par. 16. "Castor beans, or seeds, fifty cents per bushel of fifty pounds."

Under Schedule G, entitled "Provisions," paragraph 259: "Wheat, twenty cents per bushel." Par. 260. "Rye and barley, ten cents per bushel." Par. 263. "Indian corn or maize, ten cents per bushel." Par. 264. "Oats, ten cents

per bushel." Par. 285. "Potatoes, fifteen cents per bushel of sixty pounds." Par. 286. "Vegetables, in their natural state, or in salt or brine, not specially enumerated or provided for in this act, ten per centum *ad valorem*." Par. 287. "Vegetables, prepared or preserved, of all kinds, not otherwise provided for, thirty per centum *ad valorem*."

Under Schedule N, entitled "Sundries," Par. 452: "Hemp seed and rape seed, and other oil seeds of like character, other than linseed or flaxseed, one quarter of one cent per pound." Par. 465. "Garden seeds, except seed of the sugar beet, twenty per centum *ad valorem*." Par. 466. "Linseed or flaxseed, twenty cents per bushel of fifty-six pounds; but no drawback shall be allowed on oil cake made from imported seeds."

By section 2503 the following articles were exempted from duty:

Par. 636. "Drugs, barks, beans, berries, balsams, buds, bulbs, and bulbous roots and excrescences, such as nut-galls, fruits, flowers, dried fibres; grains, gums, and gum-resin; herbs, leaves, lichens, mosses, nuts, roots, and stems; spices, vegetables, seeds aromatic, and seeds of morbid growth; weeds, woods used expressly for dyeing, and dried insects, any of the foregoing of which are not edible and are in a crude state, and not advanced in value or condition by refining or grinding, or by other process of manufacture, and not specially enumerated or provided for in this act."

Par. 760. "Plants, trees, shrubs, and vines of all kinds not otherwise provided for, and seeds of all kinds except medicinal seeds not specially enumerated or provided for in this act." Par. 761. "Plants, trees, shrubs, roots, seed cane, and seeds imported by the Department of Agriculture or the United States Botanical Garden." Par. 778. "Seed of the sugar beet." Par. 808. "Tonquin, Tonqua or Tonka beans."

The importations were classified by the collector as vegetables under paragraph 286 and subjected to duty accordingly; while the importers claimed that they should have been classified as seeds under paragraph 760 and admitted free. The Circuit Court directed a verdict for the defendant, and judg-

ment having been rendered thereon, this writ of error was brought.

*Mr. Henry Edwin Tremain,* (with whom was *Mr. Mason W. Tyler* on the brief,) for plaintiffs in error.

*Mr. Assistant Attorney General Whitney* for defendants in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

These articles were not string beans or beans in the pod, but mature beans in a dry state, consisting of two varieties, lentils and white medium beans. It appeared that the main use of both lentils and beans was for food, though sometimes they were sold for seed, and that they were never. bought and sold under the name of vegetables or under the name of seeds, but simply as beans or lentils, as the case might be. Some evidence was adduced to the effect that although the seed, root, or top of the plant might properly be called a vegetable if green, yet that if the article were mature and dried, it thereupon ceased to be a vegetable and became a seed. But, as the Circuit Judge well said, the testimony did not deal in the commercial designation of the article or what it was called in trade and commerce, but only tended to show how the witnesses thought it should be classified. It is true that one of the plaintiffs stated that if a customer inquired for a certain kind of field bean, he would ask him whether he wanted the "field pea bean," or "the seed of the field pea bean," or "the seed of the white medium bean," or what kind of beans he wanted; and that they imported the seeds of the lentil and the seeds of the bean, though they did not import the seed of the wheat plant, of the rye plant, or of the oat plant. It would be absurd to regard this as tending to establish a commercial designation.

In construing a tariff act, when it is claimed that the commercial use of a word or phrase in it differs from the ordinary signification of such word or phrase, in order that the former

prevail over the latter, it must appear that the commercial designation is the result of established usage in commerce and trade, and that at the time of the passage of the act that usage was definite, uniform, and general, and not partial, local, or personal. *Maddock* v. *Magone*, 152 U. S. 368.

The articles were known in trade and commerce as lentils and beans. They did not come within the paragraphs of the tariff, specially enumerating certain beans and seeds, or referring to inedible beans, seeds, and vegetables; but the words "seeds" and "vegetables" are employed in other paragraphs, and it is conceded that these articles fell under the one or the other. The word "seeds," as found in paragraph 760 in the free list, is joined with "plants, trees, shrubs, and vines," the obvious intention being to encourage agriculture, horticulture, and arboriculture by facilitating seeding and transplanting, and the words being applicable to seeds used for seeding purposes — in common understanding, for propagation. The word "vegetables" is found in paragraph 286, under the heading "Provisions," and in common parlance applies to articles of food. The predominant use of lentils and beans is for food, and as so used they are commonly called vegetables, although they may be regarded botanically as seeds, and may sometimes be used for seeding purposes. Under such circumstances, ordinary use, not occasional or subsequent use, furnishes the guide for classification. *Maillard* v. *Lawrence*, 16 How. 251; *Worthington* v. *Robbins*, 139 U. S. 337.; *Magone* v. *Heller*, 150 U. S. 70. The words "seeds" and "vegetables" are words of common speech, and there is no room here for the contention that they had acquired a special signification by usage or had a scientific, different from the popular, meaning. Whether the articles were properly classified as vegetables was a matter for the court to decide. The interpretation of words of common speech is within the judicial knowledge and matter of law. *Marvel* v. *Merritt*, 116 U. S. 11; *Nix* v. *Hedden*, 149 U. S. 304; *Cadwalader* v. *Zeh*, 151 U. S. 171; *Saltonstall* v. *Wiebusch*, 156 U. S. 601.

As stated by counsel for the government, a verdict should

not be directed where, before the meaning of the statute can be known, it is necessary to learn from conflicting evidence the controlling use of the article in question ; or its similitude to some other article ; or the values of its component materials; or its weight and fitness; or whether labor is necessary to fit it for use by the consumer; or its commercial designation ; but we have no such case before us.

We entirely concur with the Circuit Court in the course pursued, which was in harmony with the ruling in *Robertson* v. *Salomon*, 130 U. S. 412.   There practically the same question was raised, that is, whether beans were free of duty as seeds or dutiable at ten per cent as vegetables, and Mr. Justice Bradley, in delivering the opinion of the court, after stating that beans were seeds in the language of botany and natural history, but not in commerce or in common parlance, said : " On the other hand, in speaking generally of provisions, beans may well be included under the term ' vegetables.'   As an article of food on our tables, whether baked or boiled, or forming the basis of soup, they are used as a vegetable, as well when ripe as when green.   This is the principal use to which they are put. Beyond the common knowledge which we have on this subject, very little evidence is necessary, or can be produced.   But, on the trial, the parties deemed it important to introduce a great deal of testimony.   The court, however, did not allow the defendant to prove the common designation of beans as an article of food.   .   .   .   The common designation as used in every-day life, when beans are used as food, (which is the great purpose of their production,) would have been very proper to be shown in the absence of further light from commercial usage.   We think that the evidence on this point ought to have been admitted.   In addition to this, the court told the jury that ' the commercial designation of the article, or what the article is called in trade and commerce, or the name bean, has nothing to do with the question.'   We think the court erred in this instruction.   The commercial designation, as we have frequently decided, is the first and most important designation to be ascertained in settling the meaning and application of the tariff laws.   .   .   .   But if the com-

mercial designation fails to give an article its proper place in the classifications of the law, then resort must necessarily be had to the common designation.   We think, therefore, that the court erred both in its charge and in the exclusion of the evidence offered; especially as, without any evidence, and with the common knowledge which we all possess, the court might almost have been justified in directing a verdict for the defendant." In this case the court was not only almost but altogether justified in such direction, and while there are expressions in that opinion which have been laid hold of as qualifying the general rule as to judicial knowl-edge, they must be treated as induced by the state of the record, and are not to be regarded as having that effect.

Many exceptions were taken to the exclusion and admission of evidence, and to the refusal of the court to give instruc-tions asked on plaintiff's behalf, but we find no reversible error in either of the rulings thus questioned and they need not be discussed.

*Judgment affirmed.*