A. ZANMATI & CO. v. UNITED STATES.

(Circuit Court of Appeals. Second Circuit. March 26, 1907.)

No. 226 (4,176).

CUSTOMS DUTIES—CLASSIFICATION—MUSHROOMS SLICED AND DRIED—"NATURAL STATE"—"PREPARED"—"PRESERVED."

The slicing of vegetables solely to facilitate the natural drying operation is not sufficient to remove them from their natural state; and mushrooms cleaned, sliced, and dried in the sun are dutiable as "vegetables in their natural state," under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 257, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650], rather than as "vegetables prepared or preserved," under paragraph 241, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1649].

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here on appeal from a judgment affirming the decision of the Board of General Appraisers, G. A. 6,253 (T. D. 26,-968), which affirmed the action of the collector. The decision below reads as follows:

WHEELER, District Judge. These are mushrooms cleaned, sliced, and dried on sieves in the sun. The question is whether they are "vegetables prepared or preserved," under paragraph 241, or "vegetables in their natural state," under paragraph 257, of the act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 170, 171 [U. S. Comp. St. 1901, pp. 1649, 1650]. In Petry v. U. S. (C. C.) 99 Fed. 261, beets sliced and kiln dried were held not to be in their natural state, and in Kraut v. U. S. (C. C.) 139 Fed. 94, mushrooms merely dried in the sun were held to be so. There would be apparently no difference in effect upon the vegetables between sun drying and kiln drying; but the slicing seems to take them out of their natural state.

Decision affirmed.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The merchandise involved in this appeal consists of mushrooms cleaned, sliced, dried in the sun and imported in barrels, which were assessed for duty under the provisions of paragraph 241 of the Tariff Act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1649]), at 40 per cent. ad valorem, as "vegetables prepared or preserved * * * not specially provided for," and claimed by the importers as dutiable at 25 per cent. ad valorem, under the provisions of paragraph 257 of said act, as "vegetables in their natural state, not specially provided for." The Board of General Appraisers upon an examination of the samples found that the mushrooms were sliced to facilitate the drying, and the evidence showed that this slicing was done when the mushrooms were cleaned.

This importation is to be distinguished from that considered in Choy Chong Woh & Co. v. United States, 153 Fed. 879, where we held, as mushrooms subjected to a drying process and preserved in tins

so sealed as to be air tight were dutiable eo nomine as mushrooms "prepared or preserved in tins," they were not dutiable as "vegetables in their natural state, not specially provided for." And this importation is not within the reasoning of this court applied in Leaycraft v. United States, 130 Fed. 106, 64 C. C. A. 440, where we held that the starch obtained from the arrowroot plant by mashing the tubers, soaking the pulp in water and thus dissolving it out, allowing it to settle, cleansing it, and finally drying it, was not free as "arrowroot in its natural state," but was dutiable as "starch" eo nomine under paragraph 285 of the tariff act of 1897. · Here the mushrooms have not been subjected to any process whereby their condition is changed or advanced from a state of nature.

It has frequently been held that mere evaporation of the juice or sap in a vegetable product by the heat of the sun does not change the nature of the product or remove it from its natural state. Frazee v. Moffitt (C. C.) 18 Fed. 584; Kraut v. United States (C. C.) 139 Fed. 94; Sonn v. Magone, 159 U. S. 417, 16 Sup. Ct. 67, 40 L. Ed. 203. It would seem to follow that the slicing of the mushrooms solely in order to facilitate the natural drying operation should not take them out of the category of "vegetables in their natural state."

The judgment is reversed.