S. S. PIERCE CO. v. UNITED STATES.

(Circuit Court, D. Massachusetts. February 12, 1910.)

No. 114 (1,775).

1. CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—PICKLED CAPERS—"PICKLES AND SAUCES OF ALL KINDS."

Capers pickled in vinegar, which are used as a condiment and in flavoring sauces, are dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 241, 30 Stat. 170 (U. S. Comp. St. 1901, p. 1649), relating to "pickles and sauces of all kinds."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*]

2. CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—DRUGS—SUBSTANCES WITH MEDICAL PROPERTIES.

Articles are not to be removed from a provision for pickles and sauces, and placed in a provision for drugs, simply because a medical or therapeutic property may be extracted from them.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*]

3. CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—PICKLES AND SAUCES—USE.

Articles are not to be excluded from the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 241, 30 Stat. 170 (U. S. Comp. St. 1901, p. 1649), for "vegetables * * * including pickles and sauces of all kinds," on the ground that they are not palatable or desirable as a distinct and separate eatable, or are not known as garden vegetables. The use, rather than strict botanical classification, is the determinative factor; and capers, which are flower buds, but are used as pickles or as a sauce, are included in said provision.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

For decision below, see G. A. 6,201 (T. D. 26,849), in which the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of Boston.

Searle & Pillsbury (William E. Waterhouse, of counsel), for importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Thomas M. Lane, of counsel), for the United States.

ALDRICH, District Judge. The question here is whether capers pickled in vinegar and imported in bottles and casks are dutiable under paragraph 241 of the tariff act of 1897. So far as that paragraph concerns this case it is as follows:

"* * * All vegetables, prepared or preserved, including pickles and sauces of all kinds, not specially provided for in this act, and fish paste or sauce, forty per cent. ad valorem."

This statute must be accepted as one to be interpreted according to the common meaning of the words employed, and the contention of the government is that capers are covered by that part of the paragraph containing the following words: "Including pickles and sauces of all kinds"—while the contention of the importer is that they are either drugs in a crude state, such as buds, etc., provided for in paragraph 548, or drugs advanced in value or condition under paragraph

20, or raw or unmanufactured articles not specially provided for, or articles manufactured in whole or in part not specially provided for, under section 6 of the act of 1897.

Capers are imported in bottles and casks, preserved or pickled in vinegar, and are used for flavoring sauces and otherwise as condiments, as, for instance, in the sauce served with boiled mutton and in soups, and, as commonly known, in a combination of anchovies, lemons and capers as a preliminary relish, or as a stimulus to appetite, but they are not used as a separate and distinct food dish. They are, however, as said by the Board of Appraisers, edible in about the same sense that any pickle is edible, and, therefore, are hardly like the blistering, burning and strangulating dried chillies or burnt peppers of the Cruikshank Case, 59 Fed. 446, 8 C. C. A. 171, which are largely used by manufacturing druggists for making capsicum plasters.

If I understand the contention of the importer correctly, no question is made that the capers were not pickled; but they say they are not vegetables, and therefore not within paragraph 211 in question.

In support of this contention they rely on Nix v. Hedden, 149 U. S. 304, 13 Sup. Ct. 881, 37 L. Ed. 745, which makes the question whether tomatoes are vegetables, although strictly a fruit, turn upon the common understanding that such things as are grown in a kitchen garden and are served at dinner as an article of food are vegetables. This would hardly seem to be an authority for the importer, because it is not contended that the articles enumerated include all vegetables, and because it makes an article which is a fruit, strictly speaking, a vegetable by reason of its association and the common understanding. Without going into botanical or therapeutic investigations, the common understanding in respect to capers is probably well enough shown by Webster's Dictionary, which is in more common use than books on therapeutics or botany, where the caper is described as "the pungent crushed green flower bud of the European and oriental caper, much used for pickles."

It would not seem that the construction of this statute ought to depend upon the question whether the caper is palatable or desirable as a distinct and separate eatable, and, if not, that it necessarily must be excluded from paragraph 241 because not included in what Mr. Justice Gray in Nix v. Hedden, 149 U. S. 304, 13 Sup. Ct. 881, 37 L. Ed. 745, enumerates as garden vegetables. In the sense of that part of the paragraph which provides for pickles of all kinds, we are not dealing with eatable vegetables or side-dish vegetables, but with something which associates itself with condiments which are not used as side dishes, but used to give flavor to the thing with which it is associated and a resulting zest to the appetite. It is, of course, true enough that capers are not a vegetable in the sense of a garden or side-dish vegetable used as a distinct article of food, but they are in the vegetable kingdom and are used for the general purpose for which pickled condiments are ordinarily used. Therefore their intended use associates them, not with the vegetables used as eatables, but with pickles used as condiments.

According to Webster, and it is something generally understood, a condiment is something "used to give relish to food and to gratify the

taste; a pungent and appetizing substance, as pepper or mustard; seasoning"; and in Bogle v. Magone, 152 U. S. 623, 14 Sup. Ct. 718, 38 L. Ed. 574, pickles and sauces of all kinds are accepted as broadly including condiments to give flavor and make food more palatable, and not as applying to anything which is eaten alone. Under the reasoning of Nix v. Hedden the botanical character of a thing may be changed in a statutory sense by common use and by association, because there the controverted tomato, "considered as provisions," though botanically a fruit, by reason of its association and use was held to be a vegetable within the meaning of the tariff act; and according to the same reasoning, if considered not as "provisions" but as a condiment prepared as a pickle, capers may become a pickle within the meaning of paragraph 241; and by virtue of the same reasoning green tomatoes, which, as generally known, are quite commonly pickled, would become pickles, and this would be so without regard to whether they are botanically and technically fruit or vegetables, by association, under another phase of the paragraph.

Under the reasoning of Nix v. Hedden, the canned tomato, which is much upon the market and much used as a side-dish food, would, by reason of its associations, or considered as a provision, be a vegetable within paragraph 241, while if pickled as the pickled green tomato is and much in use, it would not be an eatable side-dish, but a pickle or condiment, under the other part of the same section, and this would result without regard to its being a statutory vegetable or an article of food, and without regard to its botanical status as a fruit.

A statute of this kind ought not to be construed with reference to the precise question whether an article is strictly and technically one thing or another, because treatment may change the thing from an eatable as a distinct and separate dish to a condiment to give relish to other eatables and to gratify the taste. Radishes are unquestionably a vegetable, but, according to Bacon, they are not for nourishment but for condiment. It would seem clear that Mr. Justice Gray had in mind as a controlling view the use for which the thing in its imported state was intended and for which it was suitable, because he says:

"The single question in this case is whether tomatoes, considered as provisions, are to be classed as vegetables or as fruit."

And I give considerable weight to this view, because the raw or preserved tomato as an article of food, though strictly speaking a thing to be classified as fruit, by reason of its treatment and intended use, under rules of construction, became, what it was strictly not, a vegetable; and, because by virtue of the same reasoning, as has already been stated, it follows that pickled tomatoes would become pickles, according to the common understanding of the community, and therefore would reasonably fall within the statutory provision "all vegetables prepared or preserved, including pickles and sauces of all kinds."

In the mushroom case (A. Zanmati & Co. v. United States, 153 Fed. 880, 82 C. C. A. 626), the mushrooms, though sliced and dried, were accepted as vegetables in their natural state rather than vegetables prepared or preserved; and thus again the treatment to which

the thing is subjected, and the state in which it is found for use is accepted as something to be considered upon the question of its classification.

I was rather impressed at the argument with the truffle and the walnut cases in the Second circuit, but a more careful examination makes it appear that the questions there were not so closely like the one here as to warrant accepting the decisions as controlling this case.

In the truffle case (Von Bremen, MacMonnies & Co. v. United States, 168 Fed. 889, 94 C. C. A. 301) truffles preserved in tins were accepted by the court as belonging to the vegetable kingdom, and the word "vegetables" was accepted as a word used in the ordinary rather than the botanical sense; and yet it was held that truffles were something not to be classed as vegetables prepared or preserved, because they are used solely as a condiment in cooking and never served as a table dish. Thus again we have the use of the article, rather than its strict botanical classification, accepted as the determinative factor. And it follows by parity of reasoning that if there are such things as pickled mushrooms or truffles, or mushroom or truffle sauces used as condiments, this decision would in no sense be accepted as holding that such pickles or sauces would not be properly classified under the provision as to "pickles and sauces of all kinds," because truffles are a condiment, and so are pickles and sauces which are put up as a relish.

The walnut case (United States v. Acker, Merrall & Condit Co., 171 Fed. 77, 96 C. C. A. 181) was affirmed by the Court of Appeals without opinion. The importation was assessed as pickles under paragraph 241. The Circuit Court in that case accepted In re Johnson, 56 Fed. 822, as establishing that an article to be assessed under paragraph 241 must be a vegetable. In the Johnson case the court was dealing with the question whether herring packed and treated in various ways should be classified under a provision with reference to fish in cans or packages or as herring pickled or salted, and the incidental and general observations in that case with reference to "pickles and sauces of all kinds" could hardly be accepted as a decision that all articles to be assessed under paragraph 241, notwithstanding their treatment and intended use, must have been strictly and technically vegetables in their natural condition. It is difficult to read the Johnson case as deciding that all pickles must be strictly of vegetables. Moreover, the walnut case in the Circuit Court was put upon the distinct ground that the walnut is in no sense regarded as a vegetable.

The argument that capers, for more than a hundred years, under uniform customs practice, have been placed in the dutiable class of pickles is something to be considered upon the question as to what the phrase "including pickles and sauces of all kinds" is intended to cover.

The argument that capers should be treated as a drug or as an unmanufactured article, or as an article manufactured in part would seem not to be one which should hold in this case. It would be rather extreme to hold that the statute in dealing with pickles and sauces, to be used as condiments, intended to exclude all growing products from which might be extracted a medical or therapeutic property, and it would require extreme argument to make the paragraphs with respect

to unmanufactured articles and articles manufactured in part apply to capers preserved in vinegar and intended for use in flavoring sauces and as a condiment to be used in connection with table foods.

Without regard to their therapeutic or botanical characterization, capers, when pickled in vinegar, become a condiment, and, when considered as condiments, rather than "as provisions," they are fairly and reasonably within the provision of paragraph 241.

The decision of the Board of Appraisers is affirmed.