## UNITED STATES *v.* MALTUS & WARE (No. 1817).[1]

CONSTRUCTION—CHANGE OF LANGUAGE SIGNIFIES CHANGE OF MEANING—"TU-
LIPS"—"OTHER BULBS."

The change made by Congress from the adjective "tulip," paragraph 263, tariff act of 1909, to the noun "tulips," paragraph 210, tariff act of 1913, must be given a meaning; accordingly, tulip bulbs are not dutiable as "tulips," but as "other bulbs," under paragraph 210, tariff act of 1913.—Maltus & Ware *v.* United States (6 Ct. Cust. Appls., 525; T. D. 36146). The evidence introduced to show a commercial designation of tulip bulbs as tulips, having been examined and found insufficient, the decision of the Board of United States General Appraisers classifying them as "other bulbs," and not as "tulips" (par. 210, tariff act of 1913), is affirmed.

### United States Court of Customs Appeals, November 3, 1917.

APPEAL from Board of United States General Appraisers, G. A. 8012 (T. D. 36927).

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Martin T. Baldwin* and *Samuel Isenschmid*, special attorneys, of counsel), for the United States.
*Allan R. Brown* for appellees.

[Oral argument Oct. 10, 1917, by Mr. Baldwin and Mr. Brown.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case consists of tulip bulbs, imported under the tariff act of 1913.

The collector classified them under the provision for "lily of the valley pips, tulips, narcissus, begonia, and gloxinia bulbs," in paragraph 210 of the act, and accordingly assessed duty at the rate of $1 per thousand.

The importers protested against the assessment, claiming classification of the merchandise under the provision for "all other bulbs," in the same paragraph, with the specified 'duty of 50 cents per thousand.

The Board of General Appraisers sustained the protest, and the Government appeals.

It may be noted that paragraph 263 of the tariff act of 1909 assessed a duty of $1 per thousand upon "lily of the valley pips, tulip, narcissus, begonia, and gloxinia bulbs," and a duty of 50 cents a

---

thousand upon "all other bulbs, bulbous roots, or corms which are cultivated for their flowers or foliage."

At the tariff revision of 1913 Congress, in paragraph 210 of the act, changed the language of the tulip provision by laying a duty of $1 per thousand upon "lily of the valley pips, tulips, narcissus, begonia, and gloxinia bulbs," and again laid a duty of 50 cents per thousand upon "all other bulbs, roots, root stocks, corms, and tubers which are cultivated for their flowers or foliage."

It will be observed that the specific provision in the act of 1909 contained the word "tulip" in the singular, obviously used as an adjective modifying the noun "bulbs" which followed in the same connection, whereas in the corresponding provision of the act of 1913 the plural word "tulips" was employed by Congress instead of the singular form "tulip." Each act contained the same general provision for "all other bulbs," subject to a lower rate of duty than the specific classification.

The question thereupon arose under the act of 1913 whether Congress intended the plural word "tulips," like the singular form "tulip" in the act of 1909, to be a mere adjective modifying the noun "bulbs,' or whether on the other hand the plural word was used in the latter act as an independent noun, meaning "tulips" instead of "tulip bulbs."

The question came before this court in the case of Maltus & Ware v. United States (6 Ct. Cust. Appls., 525; T. D. 36146), and the court held that the plural word "tulips" in the act of 1913 was used as a noun and not as an adjective modifying the noun "bulbs," and accordingly tulip bulbs were held to be dutiable under the classification of "all other bulbs" in paragraph 210, and not under the classification of "tulips."

The merchandise in the present case is identical with that involved in the case just cited, but in this case the Government has submitted testimony tending to prove that in the trade and commerce of this country the word "tulips" signifies tulip bulbs, and furthermore that neither tulip cut flowers nor entire tulip plants are or practically can be imported into this country from abroad.

The Government therefore claims that the tulip bulbs composing the present importations should be assessed under the provision for "tulips" because of the alleged commercial usage of that term, and also because of the alleged fact that otherwise the provision in question would entirely fail of application, in the absence of any importations of tulip flowers or tulip plants into this country. The claim of the Government thus introduces into the present case two questions which were not presented in the former Maltus & Ware case, namely, the question of commercial designation and that of the

commercial practicability of importing into this country any part of the tulip growth other than the bulbs alone.

Upon these issues the board held as follows:

The question is again brought before us by the Government on the contention that the word "tulips" is used commercially in the trade and commerce of the United States to designate tulip bulbs. It is further contended that as tulip plants and tulip flowers severed from the bulb are not imported, and in fact can not be successfully imported into the United States, therefore to hold that the word "tulips" applies to anything but tulip bulbs would be to give it such a construction as would nullify that part of the law.

Considerable testimony was taken with reference to the commercial designation of tulip bulbs and the meaning in commerce and trade of the word "tulips." We think the rule of commercial designation has been that the commercial designation of a commodity, in order to take it out of its class as generally understood, must be "definite, uniform, and general, and not partial, local, or personal." Maddock *v.* Magone (152 U. S., 368); Sonn *v.* Magone (159 U. S., 417); United States *v.* Snow (6 Ct. Cust. Appls., 477; T. D. 36120). We do not think the testimony given on behalf of the Government in this case has brought the word "tulips" within the rule of commercial designation so stated. While many witnesses have testified that they have been engaged for a number of years throughout the United States in dealing with tulip bulbs in a wholesale way, and that commercially "tulips" means tulip bulbs, on the other hand, there is testimony on the part of the importers wherein it is shown that in trade and commerce in the United States at the time of the passage of the act in question, tulip bulbs were uniformly and generally designated as "tulip bulbs" and not known or designated as "tulips." We think it has been shown by the importers that tulip flowers, cut or severed from the plant or bulb, can be and have been successfully imported into the United States. Therefore, the question involved herein, we think, may be considered res adjudicata, and the case governed by the decision of the Court of Customs Appeals in Maltus & Ware *v.* United States, supra. We accordingly sustain the protest.

The record contains the testimony upon which the board passed, and we think that it sustains the conclusions reached by the board. Without undertaking a discussion of the testimony in detail we may say that the impression which we gather from the entire record is against the claim that the word "tulips" has definitely, uniformly, and generally come to signify "tulip bulbs" in the trade and commerce of this country. It is, indeed, disclosed by the record that tulip bulbs are often ordered and invoiced in the trade by the use of the word "tulips" alone, and without the addition of the word "bulbs." And this fact has led some of the witnesses to say, quite sincerely, that in the trade tulip bulbs are dealt in under the name of "tulips" and that the word "tulips" applies commercially to the bulbs alone. But it appears that most of the establishments with which the Government witnesses were familiar dealt in bulbs only, and in the transactions of such houses it was unnecessary to use the word "bulbs" in an order or invoice, since the word necessarily would be implied or understood as the subject of every transaction engaged in by the house. Accordingly the orders and invoices in such a case might simply name the kind or variety of the bulbs

which figured in the given transaction without following that description with the word "bulbs" itself. But we think that this practice was merely by way of colloquial abbreviation and that in such cases the word "tulips" was not used as a complete designation of tulip bulbs but rather that it was understood as an adjective with the noun "bulbs" understood and implied between the parties. Such a description under such circumstances would simply tend to brevity and convenience. But we do not regard such a practice, however general under such circumstances, as sufficient to establish a definite, uniform, and general commercial signification of the term in question different from its ordinary meaning in common speech.

It also appears from the record that certain establishments dealt in tulip bulbs and also in cut tulips and entire tulip plants. In such cases, however, the season for the sale of bulbs would differ from that for the sale of the flowers and plants. Consequently an order for "tulips" received at one season would naturally be understood as signifying tulip bulbs, whereas in a different season a similar order would be understood to apply to flowers or plants, and in a mixed season such an order would be uncertain unless made intelligible by other circumstances. We think that this practice, like that first discussed, does not establish a trade designation of the word in question different from its common signification.

It appears also that at times tulip bulbs were ordered and invoiced under the name of the variety alone, for example, Murillo. This practice also is consistent with the conclusions already stated.

We think also that the testimony fails to establish the Government's claim that neither tulip plants nor cut tulips are or commercially can be imported into this country. On the contrary, the evidence strongly tends to sustain the finding of the board that such merchandise at times has been and commercially may be imported into this country, from Canada at least.

Consequently we adhere to the conclusions reached in the former Maltus & Ware case and hold that under the act of 1913 tulip bulbs are not dutiable under the classification of "tulips" in paragraph 210, but under that of "other bulbs" in the same paragraph.

The Century Dictionary defines the word tulip as follows:

A plant of the genus *Tulipa*, of which several species are well-known garden bulbs with highly colored bell-shaped flowers, blooming in spring.

We think that this is the ordinary meaning of the word standing alone, namely, the plant, including both bulb and growth.

In the case of United States *v.* American Express Co., which is decided by the court concurrently herewith, the classification of cut tulip flowers under these provisions is discussed and decided. We refer to that decision in further elucidation of the subject.

The decision of the board is *affirmed*.