(C. D. 434)

CATHAY CRAFTS CORP. v. UNITED STATES

United States Customs Court, First Division

(Decided February 11, 1941)

Strauss & Hedges; Barnes, Richardson & Colburn (Joseph Schwartz of counsel) for the plaintiff.

Charles D. Lawrence, Acting Assistant Attorney General (John J. McDermott, special attorney), for the defendant.

Before BROWN and KEEFE, Judges; OLIVER, P. J., not participating

KEEFE, Judge: In this suit the plaintiff seeks to recover certain customs duties alleged to have been illegally assessed by the collector at New York upon merchandise described upon the invoices as carved green and purple feldspar. Duty was assessed thereon at the rate of 50 per centum ad valorem under paragraph 233 of the Tariff Act of 1930 as articles composed wholly or in chief value of semiprecious stone, not specially provided for. The plaintiff claims that the imported articles are not composed of semiprecious stones and therefore are properly dutiable as articles composed wholly or in chief value of

earthy or mineral substances, decorated, at 40 per centum ad valorem under paragraph 214 of said act.

At the trial a recognized mineralogist well versed in the study of precious and semiprecious stones and in the business of buying and selling semiprecious stones and mineralogical articles testified upon behalf of the plaintiff. Upon an examination of samples admitted in evidence illustrating the imported merchandise, he testified that the articles were composed of fluorspar rather than of feldspar; that feldspar is a silicate while fluorspar is a compound of calcium. The term "semiprecious stone," in the opinion of the witness, is used in buying and selling in the same manner as it is used in the mineralogy, and that a semiprecious stone consists of any substance of beautiful appearance that is hard and durable enough to be used as a gem stone, and that a gem stone is any stone that is used in jewelry; that the test for hardness is known as Mohs' scale of hardness, which ranges from 1 to 10, talc being the softest is number 1 and the diamond being the hardest is number 10; that the limit of hardness of stones suitable for jewelry is about 6; and that such a number of hardness is the limit as classified by mineralogists and dealers for semiprecious stones. The witness further testified that the standard hardness for fluorspar is 4, and is not usable for any piece of jewelry because it is too soft and not sufficiently durable for such use, and he demonstrated upon the illustrative exhibits that they were easily scratched with a steel blade.

The witness further testified that he has never sold any stone with a hardness below 6 as a semiprecious stone, although he knew that such stones had been sold as semiprecious.

The Government introduced the testimony of two witnesses who were dealers in precious and semiprecious stones. The first witness testified that he handles fluorspar as a semiprecious stone and sells the same to jewelry houses and that he would classify fluorspar as a semiprecious stone; that in his opinion a semiprecious stone is classified from the standpoint of beauty rather than rarity or hardness and that the merchandise in question has sufficient beauty to be regarded as a semiprecious stone; that from his practical experience in handling fluorspar and selling it in the trade in New York City it is commonly sold as a semiprecious stone, although it might not be regarded as semiprecious from a mineralogical point of view. The second witness had never sold any fluorspar but had seen it used in jewelry, and he would define a semiprecious stone as a stone that can be used for jewelry that is rare enough to be classed as semiprecious and that the hardness of the stone is immaterial. He further testified that stones are sold by their name, such as amethyst, fluorspar, and not under the name "semiprecious."

The examiner and a classification clerk at New York testified for the Government that since 1925 merchandise like the illustrative exhibits herein had been classified as semiprecious stones under the provisions of paragraph 233 of the Tariff Acts of 1922 and 1930, and that such classification was uniform throughout the United States.

The question before the court in this case is purely one of law, to-wit, whether or not the phrase "or other semiprecious stone" in paragraph 233 of the Tariff Act of 1930, includes articles composed of fluorspar. To determine the issue the common meaning of the term "semiprecious stone" is pertinent thereto. The interpretation of words of common speech is within the judicial knowledge and is therefore a matter of law. *Sonn* v. *Magone*, 159 U. S. 417.

In the case of *United States* v. *General Electric Co.*, 4 Ct. Cust. Appls. 287, T. D. 33494, small pieces of Ceylon sapphire in the form of rough slabs, and finished jewels used as bearings for electrical meters or other delicate measuring instruments, were assessed as articles composed wholly or in chief value of "other semiprecious stones" under a similar paragraph in the Tariff Act of 1909. The court found that the sapphire articles were composed of precious stones rather than semiprecious and were therefore excluded from the provisions of the paragraph and dutiable as articles composed of earthy or mineral substances.

The evidence produced by the plaintiff relates to the common meaning of the term "semiprecious stone," and under the ordinary definition thereof an article of fluorspar would be excluded therefrom. The Government's witnesses testified relative to the use of fluorspar articles in the trade and commerce of the United States. We attach little weight to such evidence as there was no attempt to prove a commercial designation different from the common meaning of the term. Evidence produced to prove a long-continued practice in assessing similar articles for duty as semiprecious stones is likewise immaterial, as a customs administrative practice may be invoked only as an aid in determining the interpretation to be given to ambiguous statutes, but it is held to be only an aid to be considered when the statute is capable of that construction. See *United States* v. *Mills & Gibb*, 8 Ct. Cust. Appls. 422, T. D. 37667. Here the statute is not ambiguous.

The commonly known precious, semiprecious, gem stones, and ornamental stones are listed on page 2387 of Funk and Wagnalls New Standard Dictionary. Neither fluorspar nor feldspar appear in the list. All of the stones listed as "semiprecious" have a hardness of 6 or more except "enstatite" and "lapis lazuli," each of which has a hardness of 5.5. These facts substantiate the testimony of plaintiff's witness that a stone, however ornamental, having a hardness of 4 is not a semiprecious stone.

The Century Dictionary and Cyclopedia, page 2172, defines "feldspar" as one of a very common group of closely related minerals, all silicates of aluminum, together with either calcium, sodium, potassium or barium, varying in color and including light shades of yellow, red, or green, much used in the manufacture of porcelain, although some varieties such as sunstone and moonstone are used in ornaments. The same dictionary defines "fluorspar" also as a common mineral, composed as the fluoride of calcium, frequently exhibiting tints of yellow, green, blue, and red, much prized for the manufacture of vases, and occasionally used for beads, brooch-stones, and other ornamental purposes, although it is of inferior hardness. The name "fluor" has reference to its use as a flux to promote the fusion of certain refractory minerals.

From the dictionary definition of fluorspar, it is clear to the court that the merchandise in question is fluorspar rather than feldspar, and that its presence as a common mineral of an inferior hardness excludes it from the term "precious" or "semiprecious." The fact that such material may be used for jewelry purposes does not bring it within the term "semiprecious" unless it is established that in the trade and commerce of the United States such articles are uniformly, generally, and definitely bought and sold as semiprecious stones.

For the reasons stated judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entries and make refund accordingly.