**No. 46035.**—Protest 4694–K of Associated Merchandising Corp. (New York).

Opinion by OLIVER, P. J. It was stipulated that the articles in question are composed of fluorspar similar to those the subject of *Cathay* v. *United States* (6 Cust. Ct. 87, C. D. 434). The claim at 40 percent under paragraph 214 was therefore sustained.

BEFORE THE THIRD DIVISION, JUNE 10, 1941

**No. 46036.**—Protest 930705–G of Raymond H. Hamson (Boston).

Opinion by CLINE, J. In accordance with stipulation of counsel and on the authority of *Wilson* v. *United States* (28 C. C. P. A. 196, C. A. D. 126) the ginger root in question was held entitled to free entry under paragraph 1768 as claimed.

**No. 46037.**—Protest 850758–G of W. X. Huber Co. (Los Angeles).

Opinion by CLINE, J. On the record presented the merchandise in question was held properly classifiable as follows: (1) 25 percent of the fresh water chestnuts damaged by decay and unfit for human consumption was held not subject to duty, *Huber* v. *United States* (5 Cust. Ct. 59, C. D. 370) followed; (2) dried lily bulbs similar to those the subject of *Oy Wo Tong* v. *United States* (5 Cust. Ct. 70, C. D. 372) were held free of duty as crude drugs under paragraph 1669; and (3) apricot kernels of the same character as those involved in Abstract 34104 were held dutiable at 3 cents per pound under paragraph 762.

**No. 46038.**—Protests 677437–G, etc., of C. A. Glass Co. et al. (Los Angeles).

Opinion by CLINE, J. The protests were sustained in accordance with stipulation of counsel.

**No. 46039.**—Protest 48434–K of H. P. Lambert Co., Inc. (Boston).

Opinion by CLINE, J. It was stipulated that the merchandise consists of wai shan pin the same as that the subject of *Oy Wo Tong* v. *United States* (5 Cust. Ct. 70, C. D. 372). The claim at 10 percent under paragraph 34 was therefore sustained.