(C. D. 1060)

C. J. Tower & Sons v. United States

United States Customs Court, Third Division

(Decided July 11, 1947)

Barnes, Richardson & Colburn (*Joseph Schwartz* of counsel) for the plaintiff.
Paul P. Rao, Assistant Attorney General (*Howard L. Harawitz*, special attorney), for the defendant.

Before Cline and Ekwall, Judges

Cline, Judge: This is a protest arising at the port of Buffalo against the collector's assessment of duty at the rate of 50 per centum ad valorem under paragraph 774 of the Tariff Act of 1930 on certain shipments of fresh rhubarb imported from Canada. The protest claims that the merchandise is properly dutiable at 35 per centum under paragraph 752, or free of duty under paragraph 1722, or dutiable at 10 per centum under paragraph 1558. Plaintiff relies chiefly, however, on paragraph 752.

The competing provisions of the tariff act are as follows:

PAR. 774. Vegetables in their natural state: * * * all other, not specially provided for, 50 per centum ad valorem: * * *

PAR. 752. Fruits in their natural state * * * and not specially provided for * * * 35 per centum ad valorem; * * *

At the trial Louis Muchnik, proprietor of the exporting company, testified that the merchandise herein consisted of fresh rhubarb as pulled from the ground but with the tops cut off; that the root of the plant was left in the ground; that he had eaten rhubarb pie in restaurants, stewed rhubarb dessert at home, and rhubarb with cream for breakfast; that he had never eaten it as a side dish with poultry; and that he considered rhubarb pie a fruit pie since it was made like apple pie or peach pie.

On cross-examination he stated that he agreed with the following portion of a definition of "fruit" taken from Funk & Wagnalls New Standard Dictionary:

A vegetable, in the popular sense, is any part of a herbaceous plant commonly used for culinary purposes, and may consist of the root, as in the beet and turnip; the stem, as in the asparagus, celery, and rhubarb.

However, he disagreed with a statement in the Encyclopaedia Britannica that "rhubarb" is a name applied to a vegetable. He agreed with that part of a definition in the Standard Cyclopaedia of Horticulture, by L. H. Bailey, describing rhubarb as leaf-stalks which are used for sauces and pies.

George R. Bewley of the Lockport Canning Co. testified that he had been familiar with the growing of rhubarb for 20 years; that he had eaten rhubarb both as sauce and in pie and in rhubarb-strawberry pie; that he had eaten it as a sauce after his main meal but never with the main course; that he disagreed with the above-mentioned definitions which were read to him; and that he had eaten custard pie, chocolate pie, and squash pie as dessert, but would not call those items fruit.

Defendant called Edward Cohen, examiner at Buffalo. He testified that he was familiar with rhubarb; that he had eaten it mostly in the form of a stew or a sauce, more often with his meal than as dessert; that he had seen other people eat it as a side dish with their main meal; and that in his experience that use dominates over its use in pie.

The only issue in this case is whether rhubarb is to be classified as a fruit or a vegetable under the tariff act. Since there has been no proof of commercial designation, the common meaning of the terms controls. In determining the common meaning, the court may accept or reject testimony as to such meaning and may consult dictionaries and written authorities. *United States* v. *Moscini*, 19 C. C. P. A. 144, T. D. 45261; *United States* v. *John B. Stetson Co.*, 21 C. C. P. A. 3, T. D. 46319; *Absorbo Beer Pad Co., Inc.* v. *United States*, 30 C. C. P. A. 24, C. A. D. 209; *United States* v. *Gallagher & Ascher Co.*, 34 C. C. P. A. 172, C. A. D. 361. In the leading case of *Nix* v. *Hedden*, 149 U. S. 304, it was held that in finding the ordinary meaning of the words "fruits" and "vegetables," dictionary definitions might be admitted, not as evidence, but as aids to the understanding of the court.

Funk & Wagnalls New Standard Dictionary contains the following statements under the definition of "fruit":

* * * a *fruit* is now generally understood to be the fleshy and juicy product of some plant, usually tree or shrub (and nearly always containing the seed), which, when ripe, is edible without cooking, and adapted for use as a dessert rather than as a salad.

* * * A *vegetable*, in the popular sense, is any part of a herbaceous plant commonly used for culinary purposes, and may consist of the *root*, as in the beet and turnip; the stem, as in the asparagus, celery, and rhubarb (or pie-plant); a *tuber*, or underground stem, as in the potato; the *foliage*, as in cabbage and spinach; or of that which is botanically the *fruit*, as in the tomato, bean, pea, and egg-plant. * * *

The Encyclopaedia Britannica states that the name "rhubarb" is applied both to a drug and a vegetable. The New International

Encyclopaedia lists "rhubarb" and also "watermelon" under "vegetables"; but watermelons are usually considered fruit.

In Webster's New International Dictionary (1936 ed.) the following definition of "fruit" appears:

2. The edible, more or less succulent, product of a perennial or woody plant, consisting of the ripened seeds and adjacent tissues, or of the latter alone. In popular usage there is no exact distinction between a *fruit* and a *vegetable*, except where the latter consists of the stem, leaves, or root of the plant. Thus the apple, pear, orange, lemon, peach, plum, grape, banana, persimmon, pineapple, and most berries are generally recognized as *fruits;* the pea, bean, pumpkin, squash, eggplant, cucumber, etc., are vegetables; while the tomato, melon, and rhubarb are variously regarded. See def. 8, below. Cf. VEGETABLE.

In the 1933 edition of the same work it is stated that:

*Fruit* is occasionally applied to certain other vegetable structures of pronounced flavor eaten as a sauce or dessert, as the stalks of rhubarb.

The Government refers to certain testimony and briefs submitted to the Committee on Ways and Means of the House of Representatives, 70th Congress, 2d Session, which was preparing the legislation which became the Tariff Act of 1930. "Rhubarb" was referred to therein as a vegetable and a duty of 3 cents per pound was requested for it under the vegetable paragraph. However, statements made by witnesses before congressional committees cannot be controlling, especially where Congress does not, as here, enact the legislation requested. *United States* v. *H. F. Ritchie & Co.*, 28 C. C. P. A. 51, C. A. D. 124; *United States* v. *Paramount Publix Corp.*, 22 C. C. P. A. 452, T. D. 47453.

On the other hand, plaintiff cites the classification of rhubarb as a fruit by the Office of Price Administration in connection with allotments of sugar. (Office of Price Administration Document No. 53081, March 15, 1946.) That would indicate that rhubarb is prepared and used in the same manner as other fruits, such as apples, peaches, pears, and plums.

However, in determining whether a given article is a fruit or a vegetable, its *use* is the controlling factor insofar as the tariff act is concerned. In *Nix* v. *Hedden, supra,* tomatoes were held to be vegetables since they were usually served at dinner with the main meal. The court said:

Botanically speaking, tomatoes are the fruit of a vine, just as are cucumbers, squashes, beans and peas. But in the common language of the people, whether sellers or consumers of provisions, all these are vegetables, which are grown in kitchen gardens, and which, whether eaten cooked or raw, are, like potatoes, carrots, parsnips, turnips, beets, cauliflower, cabbage, celery and lettuce, usually served at dinner in, with or after the soup, fish or meats which constitute the principal part of the repast, and not, like fruits generally, as dessert.

That decision indicates that the use of the article rather than its botanical classification is the determining factor, and that a vege- *

table is something eaten with the main meal but that a fruit is generally eaten as dessert.

In *Togasaki & Co.* v. *United States,* 12 Ct. Cust. Appls. 463, T. D. 40667, it was held that seaweed was dutiable as a prepared vegetable since it was eaten as a vegetable. In the course of the opinion the court stated:

* * * Thus the rule of law has been evolved which we think controls here, that whether a certain vegetable product is, or is not, a vegetable, depends upon the use to which it is or may be put. This rule was expressed fairly in Austin, Nichols & Co. *v.* United States (4 Ct. Cust. Appls. 313 [314]; T. D. 33519), where we said:

Preliminarily, it should be observed that in Nix *v.* Hedden * * *, and numerous other cases, it has been held that what constitutes a vegetable or a vegetable prepared, as these terms are used in said paragraph 252 and tariff acts generally, was determined by the use of the articles, whether served with, and to be eaten as a part of the meal, or as a condiment for flavoring, or as a relish, or a similar purpose.

The use of the article was also held to be the controlling factor in *Sonn* v. *Magone,* 159 U. S. 417, where dried lentils were held to be vegetables rather than seeds; in *Brown & Co.* v. *United States,* 14 Ct. Cust. Appls. 96, T. D. 41588, where seeds of the lotus which had been so processed as to be used as food were held to be vegetables; and in *Bing Kee & Co.* v. *United States,* 16 Cust. Ct. 176, C. D. 1006, appeal dismissed September 30, 1946, where water chestnuts chiefly used in soup or cooked with meat or chicken were held to be vegetables rather than fruit. On the other hand, horse-radish root, which is botanically a vegetable, was held dutiable as a vegetable substance rather than a vegetable because it was used not as a food but as a condiment. *United States* v. *Wallace,* 4 Ct. Cust. Appls. 142, T. D. 33413.

In *Robertson* v. *Salomon,* 130 U. S. 412, which involved the classification of beans, the court said:

On the other hand, in speaking generally of provisions, beans may well be included under the term "vegetables." As an article of food on our tables, whether baked or boiled, or forming the basis of soup, they are used as a vegetable, as well when ripe as when green. This is the principal use to which they are put. Beyond the common knowledge which we have on this subject, very little evidence is necessary, or can be produced.

It is apparent from these cases that whether or not a given article is a fruit or a vegetable for tariff purposes depends upon its use. From the record in the instant case and from common knowledge, it is evident that rhubarb is used generally in pie or as a sauce which may be served as dessert or as a side dish with the main meal. The latter use is similar to the use of applesauce or cranberry sauce with meat, rather than a true vegetable use. The fact that certain vegetables, such as squash and sweet potato, are sometimes used in pie does not tend to prove that rhubarb is a vegetable, since those foods are chiefly

used with the main meal in the same manner as other well-known vegetables. There is no evidence in the record nor does the court know of any use of rhubarb similar to that of vegetables, such as potatoes, carrots, beets, and cauliflower. The chief use of rhubarb is that of a fruit.

We hold, therefore, that rhubarb is a fruit for tariff purposes and is properly dutiable at 35 per centum ad valorem under paragraph 752 of the Tariff Act of 1930 as a fruit in its natural state. The protest is sustained and judgment will be rendered accordingly.