179

No. 52054.—Sears Roebuck & Co. v. United States, protests 875896–G, etc. (New York).

Opinion by KINCHELOE, J.   It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333).   The claim of the plaintiff was therefore sustained.

No. 52055.—Crown Publishers et al. v. United States, protests 130522–K, etc. (New York).

Opinion by KINCHELOE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, NOVEMBER 26, 1947

No. 52056.—Western Fruit Distributers v. United States, protest 121985–K (Detroit).

Opinion by CLINE, J.   In accordance with stipulation that the merchandise consists of rhubarb similar in all material respects to that the subject of *C. J. Tower & Sons* v. *United States* (19 Cust. Ct. 12, C. D. 1060) the claim at 35 percent under paragraph 752 was sustained.

No. 52057.—C. J. Tower & Sons v. United States, protests 125200–K, etc. (Buffalo).

Opinion by CLINE, J.   In accordance with stipulation that the merchandise consists of rhubarb similar in all material respects to that the subject of *C. J. Tower & Sons* v. *United States* (19 Cust. Ct. 12, C. D. 1060) the claim at 35 percent under paragraph 752 was sustained.

No. 52058.—Gabriel Sonnino v. United States, protest 130619–K (Boston).

Opinion by CLINE, J.   At the trial the Government raised the question as to whether the protest was timely.   On December 14, 1946, plaintiff sent a letter to the collector of customs claiming the merchandise to be free of duty as antiques and requesting that the amount paid as customs duty be returned to him.   Subsequently, on February 17, 1947 (more than 60 days after liquidation), plaintiff sent another letter to the customs officials setting forth his claim.   The collector stated in a letter to plaintiff, dated March 12, 1947, that the protest had been