UNITED STATES *v*. AKI Co. (No. 2404).[1]

1. CONSTRUCTION, PARAGRAPH 718, TARIFF ACT OF 1922—"DRIED FISH"— "ALL OTHER FISH, SKINNED OR BONED."

Fish which have been dried and also skinned and boned are not, by reason of the skinning and boning, taken from out the classification "dried fish," in paragraph 718, tariff act of 1922, and carried within the provision for "all other fish, skinned or boned," in the same paragraph. The word "other"

[1] T. D. 40588.

means fish other than those named in the paragraph, and not simply fish other than the one immediately preceding—i. e., herring. Large fish, skinned, boned, cut up, dried, and packed in containers of more than 15 pounds each, are dutiable under the paragraph as dried fish.

2. CONSTRUCTION, DOUBT FAVORS IMPORTER.

Where there is doubt as to the interpretation of a tariff provision, the doubt must be resolved in favor of the importer.

### United States Court of Customs Appeals, December 17, 1924

APPEAL from Board of United States General Appraisers, G. A. 8771 (T. D. 40108)

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Samuel M. Richardson*, and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.
*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellee.

[Oral argument Oct. 22, 1924, by Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD
Associate Judges

BARBER, Judge, delivered the opinion of the court:
Paragraph 718 of the tariff act of 1922 reads as follows:

Salmon, pickled, salted, smoked, kippered, or otherwise, prepared or preserved, 25 per centum ad valorem; finnan haddie, 25 per centum ad valorem; dried fish, salted or unsalted, 1¼ cents per pound; smoked herring, skinned or boned, 2½ cents per pound; all other fish, skinned or boned, in bulk, or in immediate containers weighing with their contents more than fifteen pounds each, 2½ cents per pound net weight.

The merchandise involved in this case was obtained in the following manner: Large fish were skinned and boned and the flesh then cut up into sections and dried, in which condition it was imported.

The collector assessed the same at 2½ cents per pound under the last provision of the quoted paragraph, which implies that it was in bulk or in immediate containers weighing with their contents more than 15 pounds each.

The importer protested, claiming classification under the provision for "dried fish, salted or unsalted," in the same paragraph.

At the hearing of the protest before the Board of General Appraisers no testimony was offered by either side. The protest was sustained.

In substance the board was of opinion that the paragraph as a whole was an enumeration primarily of fish in certain specified forms, naming them, and that the word "other" in the last clause thereof meant fish other than those previously specified.

It pointed out that as the provision for fish skinned or boned was limited to packages of over 15 pounds, and as it had appeared in other cases that there were many fish imported in the skinned and boned condition in smaller packages, the result, if the Government's contention were unheld, would be contrary to the usual policy of increasing taxation with the advancement of condition, because dried

fish, if imported in small packages, would pay a duty of only 1¼ cents per pound, but if in larger ones the duty would be 2½ cents per pound.

In this court the importer argues along the same line, contending especially that if Congress intended the entire paragraph to be construed in a manner to support the Government's contention the word "other" would undoubtedly have been omitted from the last clause.

In brief, the Government's contention is that the word "other" was used by Congress as meaning all fish other than smoked herring, and that, therefore, any other fish dried or not dried, if skinned and boned and in bulk or in containers of the size described in the last clause, would be dutiable thereunder. It argues that the drying of fish is one of the simplest methods of preparation thereof; that the provision therefor was intended to be limited to such fish only as have been dried; and that if in addition they have been skinned and boned they are thereby removed from the dried fish provision, claiming in effect that fish skinned or boned is a narrower class than fish dried, assuming, as we understand, that skinning and boning are a further processing than that of drying.

We are not inclined to adopt the Government's interpretation of this paragraph.

It appears from the record in the case that the fish here were *first* skinned and boned. Then in addition they were dried. Strictly speaking, therefore, the merchandise is fish, skinned, boned, and dried, a condition which is not eo nomine provided for in the paragraph, but, nevertheless, it is, after all, nothing but dried fish, which, as the Government says, is one of the simplest methods of preparing fish. It may be noted that in the provision for dried fish the rate of duty is the same, regardless of the method of importation— that is, whether in bulk or in packages of any prescribed size— nor is there in the following paragraphs of the act (719 and 720) any eo nomine provision for fish skinned or boned and *dried*, in bulk or otherwise

In view of all the fish provisions of the act, we are of opinion that Congress intended by the use of the word "other" in the last clause of paragraph 718 to limit its application to fish that had not already been mentioned therein.

This interpretation results in the conclusion that the imported fish here are provided for therein as "dried fish, salted or unsalted," and there is, therefore, no room for the contention of the Government that paragraph 1460 of the act, providing that if two or more rates of duty shall be applicable to any imported article it shall pay duty at the highest of said rates, should be applied in this case.

We are aware that there may be some doubt as to the correctness of this interpretation of paragraph 718, but that fact invites the application of the rule that in such cases the importer is entitled to the benefit of the doubt.

The judgment of the Board of General Appraisers is *affirmed*.