SEEMAN BROS. (INC.) ET AL. *v.* UNITED STATES (No. 2393).[1]

1. CONSTRUCTION, PARAGRAPH 718, TARIFF ACT OF 1922—"SMOKED HERRING."
   "Smoked herring, skinned or boned" are dutiable under paragraph 718, tariff act of 1922, but "smoked herring, skinned or boned" and further or otherwise prepared or preserved are not.

2. EVIDENCE, PRESUMPTION FAVORS COLLECTOR'S FINDING OF FACTS NECESSARY TO SUPPORT CLASSIFICATION.
   The collector's classification of smoked herring in tomato sauce under the provision of paragraph 720, tariff act of 1922, for "all fish (except shellfish) pickled, salted, smoked, kippered, or otherwise prepared or preserved (except in oil or in oil and other substances)" involves a finding that the addition of the tomato sauce is a further preparation or preservation of the smoked herring for its commercial use.

3. "KIPPERED" FISH, PARAGRAPHS 718 AND 720, TARIFF ACT OF 1922.
   A "kippered" fish (pars. 718 and 720, tariff act of 1922) may be either smoked or otherwise dried.

4. PRESUMPTION FAVORS COLLECTOR'S CLASSIFICATION.
   In the absence of sufficient evidence to overcome the presumed correctness of the collector's action in classifying smoked herring in tomato sauce and kippered herring at 25 per cent ad valorem under paragraph 720, the judgment of the Board of United States General Appraisers, overruling a protest claiming classification as "smoked herring, skinned or boned" under paragraph 718, is affirmed.

United States Court of Customs Appeals, December 17, 1924

APPEAL from Board of United States General Appraisers, G. A. 8751 (T. D. 40045)

[Affirmed.]

*Barnes, Wilson & Halstead* (*Frank M. Halstead* of counsel) for appellants.
*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

[Oral argument Oct. 20, 1924, by Mr. Halstead and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:
The merchandise involved in this appeal consists of smoked herring in tomato sauce, imported in tin containers weighing less than 15

[1] T. D. 40590.

pounds each, and kippered herring, imported in tin containers weighing less than 15 pounds each. It was assessed for duty by the collector at 25 per cent ad valorem under paragraph 720 of the tariff act of 1922, which reads as follows:

PAR. 720. Fish (except shellfish), by whatever name known, packed in oil or in oil and other substances, 30 per centum ad valorem; all fish (except shellfish), pickled, salted, smoked, kippered, or otherwise prepared or preserved (except in oil or in oil and other substances), in immediate containers weighing with their contents not more than fifteen pounds each, 25 per centum ad valorem; in bulk or in immediate containers weighing with their contents more than fifteen pounds each, 1¼ cents per pound, net weight.

The importers claim that the merchandise is properly dutiable under paragraph 718 of the act of 1922, which reads as follows:

PAR. 718. Salmon, pickled, salted, smoked, kippered, or otherwise prepared or preserved, 25 per centum ad valorem; finnan haddie, 25 per centum ad valorem; dried fish, salted or unsalted, 1¼ cents per pound; smoked herring skinned or boned, 2½ cents per pound; all other fish, skinned or boned, in bulk, or in immediate containers weighing with their contents more than fifteen pounds each, 2½ cents per pound net weight.

The Board of General Appraisers sustained the collector's classification and assessment and overruled the protests.

It is the contention of the appellants that the merchandise described as "kippered herring" is nothing more than "smoked herring, skinned or boned," and is more specifically provided for in paragraph 718, supra, and that the merchandise described as "smoked herring in tomato sauce" is also more specifically provided for in paragraph 718, supra, under the provision for "smoked herring, skinned or boned."

The Government contends that the merchandise described as "kippered herring" is admittedly commercially known as "kippered herring," and therefore was properly classified by the collector and properly assessed for duty under the provisions of paragraph 720, supra, for—

* * * All fish * * * kippered, * * * in immediate containers weighing with their contents not more than fifteen pounds each, * * *

and that the merchandise described as "smoked herring in tomato sauce" is more specifically described in paragraph 720, supra, by the language—

* * * all fish, * * * smoked, kippered, *or otherwise prepared or preserved* (except in oil or in oil and other substances), in immediate containers weighing with their contents not more than fifteen pounds each, * * * (Italics ours)—

on the theory that this merchandise is further, or otherwise, prepared or preserved, than herring which is only smoked, skinned, or boned.

The word "kipper" is defined to mean:

Funk & Wagnalls New Standard Dictionary—

To cure, as fish, by splitting, dry salting, drying, and slightly smoking.

Webster's International Dictionary—

To cure, by splitting, salting, and smoking.

Oxford Dictionary—

To cure (salmon, herring, or other fish) by cleaning, rubbing repeatedly with salt and pepper or other spice, and drying in the open air or in smoke.

Century Dictionary—

To prepare or cure, as salmon, herring, etc., by cleansing them well, giving them several dry rubbings of pepper and salt, and then drying them, either in the open air or artificially, by means of the smoke of peat or juniper berries.

The testimony in the case and the exhibits clearly indicate that the merchandise described as "kippered herring" is commercially known and bought and sold as kippered herring.

Witnesses for the importers testify that the merchandise has been smoked and boned, but there is no evidence to the effect that it has not been otherwise prepared so as to give it the character of "kippered" herring or "kippered" fish.

The burden of proof was on the importers, not only to establish that the collector's classification of the merchandise was wrong, but that the classification contended for by them was right.—Benjamin Iron & Steel Co. *v.* United States (2 Ct. Cust. Appls. 159; T. D. 31677).

From the dictionary definitions of the word "kipper" it is apparent that in such process of preparation the fish may or may not be smoked. The fact that they are smoked does not establish that they do not come within the class of "kippered fish."

The merchandise described as "smoked herring in *tomato sauce*" has apparently been "otherwise prepared or preserved (except in oil or in oil and other substances)" within the meaning of the language contained in paragraph 720, supra.

The provision in paragraph 718, supra, is for "* * * smoked herring, skinned or boned, * * *," and it will be noted that the first part of that paragraph provides for—

Salmon, pickled, salted, smoked, kippered, *or otherwise prepared or preserved.* (Italics ours.)

The fact that the clause "or otherwise prepared or preserved" in paragraph 718, supra, applies only to salmon should be given consideration in this case, in view of the provision in paragraph 720, supra, for "* * * all fish * * * smoked, kippered, or otherwise prepared or preserved (except in oil or in oil and other substances) * * *."

After careful consideration of the two paragraphs we are of the opinion that Congress intended that "smoked herring, skinned or boned," should be included within the provisions of paragraph 718, supra, but that "smoked herring skinned or boned" and further or otherwise prepared or preserved should be excluded from that paragraph.

With reference to the merchandise described as "smoked herring in tomato sauce" the question is presented as to whether the addition of a concoction, called "tomato sauce," is a further "preparation or preservation" of the "smoked herring" for its commercial use. The collector's classification of the merchandise involves a finding of fact that such is the case.

The appellants offered no evidence tending to refute such finding of fact.

It is true that this court in the case of United States *v.* Smith & Nessle Co. et al. (4 Ct. Cust. Appls. 70; T. D. 33312), on the record in that case, said:

As to the herring and mackerel in tomato sauce, or in bouillon, it may be said that the fish were salted as the first and fundamental process in their preservation, and it was as salted fish that they were flavored by the small addition of tomato or other sauce, which changed their appearance and taste but did not essentially change their character. It was also as salted fish that they were placed in the cans and sterilized by heat. This latter process, like the salting itself, was vitally important to their preservation, nevertheless it is not inapt to describe the final product as salted fish, even though cooked. And as between the classification of herring or mackerel, *salted,* upon the one hand, and the classification of *other fish* (except shellfish) *in tin packages,* upon the other hand, the former description is more apt and specific for articles thus prepared and preserved. (Italics ours.)

In that case the court had under consideration paragraphs 270 and 272 of the tariff act of 1909, which provided for "* * * all other fish (except shellfish) in tin packages, * * *" upon the one hand, and "herrings pickled or salted, smoked or kippered * * *" upon the other hand.

There was no provision in either paragraph for "fish" or "herring," "otherwise prepared or preserved," as appears in paragraph 720, supra.

Furthermore, in the case of United States *v.* Smith & Nessle Co. et al., supra, there was positive and direct testimony to the effect that only a dessert-spoonful of tomato sauce or pureé was added to the salted herring in a tin package, and that such sauce was not a preservative.

The court under the law as it then plainly appeared held that salted herring remained salted herring, even though a small amount of tomato sauce was added to it for the purpose of merely flavoring the fish.

In the absence of any evidence to challenge the correctness of the collector's classification of such merchandise under paragraph 720, supra, we are unable to say that such classification was wrong.

We concur in the conclusion reached by the Board of General Appraisers, and its judgment is *affirmed.*