COSTOGUE ET AL. *v.* UNITED STATES (No. 2807)[1]

United States Court of Customs Appeals, April 16, 1927

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*Reuben Wilson* and *Marcus Higginbotham* of counsel) for the United States.

[Oral argument March 18, 1927, by Mr. Place and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

This is an appeal by N. D. Costogue *et al.* from the judgment of the Customs Court sustaining the classification by the collector of certain olives imported at New York. The goods in question are imported in casks, in brine. They are the imperfect or broken olives resulting from the manufacturing processes in the Spanish factories, where pitted and stuffed olives are prepared. These are of two general kinds—first, green olives which have been subjected to the pitting process, and second, green olives which have been subjected to the pitting and stuffing process. It is shown by the evidence that the machines used in these processes sometimes fail to function properly and that some of the olives used are imperfect, so that these culls are the result. Samples of each kind are before us. Exhibit 1 is typical of the first, and is a bottle containing about 1½ pints. A major portion of the contents of this sample are whole olives with the pits cut out, but the flesh of which olives has been broken or split in places;

---

[1] T. D. 42152.

an examination disclosed that in this quantity there were five olives containing pits which had not been completely extracted. There were also a small number of olive pieces. Exhibit 3, typical of the other kind, is a glass jar containing about 1 pint. The contents consist, in the main, of pitted olives, some of which have pimiento stuffing inserted, and some not, but practically all of which have been split or broken, to some extent in manufacture. Possibly a half dozen olives are found in this sample which have not had the pits removed. There is also a minor portion of olive pieces and shreds and pieces of pimiento.

All the imported goods are edible and nutritious to the same degree as perfect pitted or stuffed green olives. However, on account of their appearance, they are not salable in the United States as such, but are either mixed with mayonnaise or other materials and put on the market as a garnishing or sandwich material, or are sold to manufacturers by the importers for similar manufacturing purposes.

These goods, consisting of eight importations, were classified by the collector as pitted or stuffed olives in brine, at 30 cents a gallon, under paragraph 744 of the Tariff Act of 1922. The importer made several claims in his protest, first, that the goods were dutiable under paragraph 749, as fruits in brine; second, as berries in brine, under paragraph 736; third, as vegetables cut, sliced, etc., under paragraph 773; fourth, as olives in brine, green, under said paragraph 744.

In the argument made on appellant's behalf in this court, no claim is made except under said paragraphs 773 and 744. We shall therefore treat the remaining claims as having been waived.

It is first insisted that the imported goods should be classified as vegetables, because it is said they are used as condiments and hence are comparable with pimientos which have been held in *Von Bremen, Asche & Co.* v. *United States,* 12 Ct. Cust. Appls. 407, to be vegetables. We do not believe the authority cited is in point here. There is little similarity, in either the use or tariff status, of a pimiento and an olive. This court has uniformly held olives to be fruit. *Moscahlades* v. *United States,* 9 Ct. Cust. Appls. 46; *Moscahlades* v. *United States,* 13 Ct. Cust. Appls. 633. It follows that if olives are fruit they are not vegetables. The claim of appellants, therefore, can not be sustained under said paragraph 773.

The remaining claim is that the imported articles are "olives in brine, green," rather than, as classified by the collector, "olives, pitted or stuffed." It being conceded by this claim that the imported goods are olives in some form, we are unable to discover in what way they may be more accurately described by the former designation than by the latter. A consideration of the language of this paragraph leads to the conclusion that the Congress intended to enumerate three classes of olives, green olives, ripe olives, and pitted or stuffed

olives, and that the first two designations referred to whole olives. The imported articles are not, in the ordinary meaning of the term, whole olives. *Von Bremen, Asche Co.* v. *United States*, 12 Ct. Cust. Appls. 407; *La Manna, Azema & Farnan* v. *United States*, 14 Ct. Cust. Appls. 289.

It was the duty of the protestants if they expected to prevail in their protest, to show not only that the classification made by the collector was incorrect, but also that the classification suggested by them was correct. Having failed to sustain their claim that the imported material was "olives in brine, green," the classification made by the collector must stand.

The judgment of the court below is therefore *affirmed.*