R. B. Boak & Co. *v.* United States (No. 3007[1])

United States Court of Customs Appeals, May 21, 1928

*David D. Stansbury* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks* and *Oscar Igstaedter*, special attorneys, of counsel), for the United States.

[Oral argument April 12, 1928, by Mr. Stansbury and Mr. Igstaedter]

Before Graham, Presiding Judge, and Smith, Barber, Bland, and Hatfield, Associate Judges

Hatfield, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain codfish, skinned, boned, and smoked, and imported in "immediate containers weighing with their contents more than fifteen pounds each," dutiable at $2\frac{1}{2}$ cents per pound under the provision for "all other fish, skinned or boned," contained in paragraph 718 of the Tariff Act of 1922.

The paragraph reads as follow:

Par. 718. Salmon, pickled, salted, smoked, kippered, or otherwise prepared or preserved, 25 per centum ad valorem; finnan haddie, 25 per centum ad valorem;

1 T. D. 42792.

dried fish, salted or unsalted, 1¼ cents per pound; smoked herring, skinned or boned, 2½ cents per pound; all other fish, skinned or boned, in bulk, or in immediate containers weighing with their contents more than fifteen pounds each, 2½ cents per pound net weight.

It is claimed by importer that the merchandise is dutiable at 1¼ cents per pound under the provision for "all fish (except shellfish) * * * smoked, * *. * or otherwise prepared or preserved," contained in paragraph 720 of he Tariff Act of 1922.

The paragraph reads as follows:

PAR. 720. Fish (except shellfish), by whatever name known, packed in oil or in oil and other substances, 30 per centum ad valorem; all fish (except shellfish), pickled, salted, smoked, kippered, or otherwise prepared or preserved (except in oil or in oil and other substances), in immediate containers weighing with their contents not more than fifteen pounds each, 25 per centum ad valorem; in bulk or in immediate containers weighing with their contents more than fifteen pounds each, 1¼ cents per pound net weight.

The merchandise was assessed for duty by the collector at the port of Chicago at 2½ cents per pound under paragraph 718.

It appears from the record that the fish are prepared, according to the testimony of the only witness in the case, in the following manner: "When the fish are landed from the fishing vessels they go into a splitting room, where they are skinned and boned. Then they are put into the smokehouse and smoked, brought out and packed in boxes, and put in the freezer."

It is claimed by appellant that the issues in this case are controlled by our decisions in *United States* v. *Aki Co.*, 12 Ct. Cust. Appls. 415, T. D. 40588; *Seeman Bros. (Inc.) et al.* v. *United States*, 12 Ct. Cust. Appls. 421, T. D. 40590; and *Bright Co.* v. *United States*, 14 Ct. Cust. Appls. 206, T. D. 41704.

In the *Aki* case, *supra*, the court held that "fish skinned and boned and the flesh then cut up into sections and dried," were dutiable under the provision for "dried fish" contained in paragraph 718, although they had been skinned and boned.

In the *Seeman Bros.* case, *supra*, the court held that "smoked herring, skinned and boned" were dutiable under the provision therefor in paragraph 718, but that "smoked herring, skinned and boned" and further or otherwise prepared or preserved were excluded from that paragraph; and that, as the fish were imported in containers weighing less than 15 pounds each, they were dutiable at 25 per centum ad valorem under paragraph 720.

A concise and accurate statement of our decision in the *Bright Co.* case, *supra*, is contained in the headnotes. We quote:

In *Seeman Bros. et al.* v. *United States*, 12 Ct. Cust. Appls. 421, the provision of paragraph 718, Tariff Act of 1922, for "smoked herring, skinned or boned" was limited to that which was not otherwise prepared or preserved. Herring which had been boned, brined, smoked, dried, canned, and cooked, labeled "kippered"

and known in the trade as "kippered," were classified by the collector under paragraph 720 as "fish * * * pickled, salted, smoked, kippered, or otherwise prepared or preserved," and the overruling of a protest claiming under the provision *supra* of paragraph 718 is affirmed.

The merchandise under consideration here has been skinned, boned, and smoked.

The Government concedes that if the fish had been imported in containers weighing *not* more than 15 pounds each, they would be dutiable at 25 per centum ad valorem under paragraph 720. Why they would not be dutiable under that paragraph when imported in containers weighing *more* than 15 pounds each, we are at a loss to understand. They have been subjected to further processing than skinning and boning. They have been smoked.

We think the issues in this case are controlled by our decisions in the *Seeman* and *Bright* cases, and that these decisions are in harmony with the decision in the *Aki* case.

The Congress provided in paragraph 720 for a lower rate of duty on smoked fish imported in containers weighing *more* than 15 pounds each, than on such fish when imported in containers weighing *not* more than 15 pounds each. Importers have the right, if they wish, to import smoked fish in large containers for the purpose of taking advantage of the lower rate of duty.

For the reasons stated the judgment is *reversed* and the cause *remanded* for proceedings consistent with the views herein expressed.