United States *v.* A. Goldmark & Sons Corporation (No. 3093)[1]

United States Court of Customs Appeals, February 27, 1929

*Charles D. Lawrence,* Assistant Attorney General (*Reuben Wilson,* special attorney, of counsel), for the United States.

*Walden & Webster* (*Walter F. Welch* and *Edward F. Jordan* of counsel) for appellee.

*Marion De Vries* and *George Roscoe Davis* (*Jesse P. Crawford* of counsel), *amici curiae.*

[Oral argument December 7, 1928, by Mr. Lawrence, Mr. Jordan, and Mr. Crawford]

Before Graham, Presiding Judge, and Bland, Hatfield, and Barber (retired), Associate Judges

Bland, Judge, delivered the opinion of the court:

Appellee imported lima beans from Madagascar which were assessed for duty under paragraph 763 of the Tariff Act of 1922 as "dried beans" at 1¾ cents per pound. Said paragraph reads as follows:

Par. 763. Beans, not specially provided for, green or unripe, one-half of 1 cent per pound; dried 1¾ cents per pound; in brine, prepared or preserved in any manner, 2 cents per pound.

The importer protested the classification and claimed them dutiable at one-half of 1 cent per pound as "green or unripe" beans, under the same paragraph, or classifiable under paragraphs 760, 765, 767, 772, or 1657. It was alternatively claimed that they were dutiable at 10 per centum under paragraph 1459. In the court below and here the only claim pressed by appellee was that the merchandise should be classified as "green or unripe" beans.

The manner of production, treatment, and shipment of the beans in controversy is described by the witnesses as follows: The seed is

sown in March or April. When the plants come up, the vines are allowed to lie along the ground, without being held up by any artificial support; after "the plant has grown sufficiently," and while the beans are still unripe and immature, the plants are torn out of the ground or cut from the soil and piled in small heaps—leaves, stems and beans—where they are permitted to dry without the aid of any artificial means. At the time they are piled, the leaves, pods, and beans are greenish in color. The bean is soft so "you can squeeze it with your fingers." After the bean dries out, it takes on the whitish, creamy color which characterizes the sample at hand, and resembles the ordinary mature lima or butter bean, except that it is lighter in weight. The beans are thrashed out of the pods with a stick, gathered up, placed in bags, and shipped to this country, where they are sold as green lima beans and used as green lima beans are used— as a side dish. Three months pass between the harvesting and the marketing. In this country they are called dried beans, but in Madagascar they would not be so styled, being referred to there as "pois du cap" (having reference to the Cape of Good Hope). The chief witness for importer admitted that they looked like dried beans, but were known as Madagascar lima beans. Importer's counsel in the court below said: "We don't deny they are dried; that is obvious. * * * I admit they are dried." The testimony further shows that green or unripe beans which had not been dried, or prepared or preserved, could not be shipped from Madagascar into this country, since they would dry out and deteriorate in shipment. From 5,000 to 10,000 tons per year are exported from Madagascar.

Importer contends that the drying of the beans in question is merely for the purpose of transportation and argues that such a drying for transportation purposes does not alter their condition as green or unripe beans for tariff purposes, and cites *A. Zanmati & Co.* v. *United States*, 153 Fed. 880.

The United States Customs Court in its decision of the case at bar stated:

It will be noted that paragraph 763 provides for green or unripe beans and also for dried beans. We are unable to hold that the terms "dried beans" and "green or unripe beans" as used in the same paragraph are intended to cover the same article.

A similar question was raised in the case of *Sheldon* v. *United States*, Abstract 48001. Following the decision in that case we hold this importation to be green or unripe beans dutiable at one-half of 1 cent per pound as claimed by the plaintiff, noting that the claim is limited to the items invoiced as Madagascar beans.

The Government has appealed from the judgment of the court below and here urges that since the importation is beans, not specially provided for, it must be provided for in paragraph 763 which treats of three kinds of beans: (*a*) Green or unripe; (*b*) dried; (*c*) in brine, prepared or preserved in any manner. It is conceded that the beans

are not in brine, or prepared or preserved in any manner, and the issue is narrowed to the question as to whether they are properly dutiable as "beans, * * * green or unripe," or "beans, * * *; dried."

We think they are "beans, * * *; dried." We arrive at this conclusion not only from the context of the act, when considered in the light of the testimony and the sample, but by also giving consideration to the history of the bean provisions in other Tariff Acts, together with the interpretation given prior legislation in customs litigation. The predecessor paragraphs follow:

1890.—270. Beans, 40 cents per bushel of sixty pounds.

1894.—197. Beans, 20 per centum ad valorem.

1897.—240. Beans, 45 cents per bushel of sixty pounds.

1909.—249. Beans, 45 cents per bushel of sixty pounds.

1913.—197. Beans, and lentils, not specially provided for, 25 cents per bushel of sixty pounds.

1921.—5. Beans, provided for in paragraph 197 of the Act entitled "An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes," approved October 3, 1913, 2 cents per pound.

It will be noticed that up until the passage of the act under consideration no distinction had ever been made in the paragraphs between green or unripe beans and dried beans. Under the Tariff Act of 1894, string beans, imported from Jamaica into the port of Baltimore, were assessed for duty as "beans, 20 per centum ad valorem." In T. D. 18523 (G. A. 3979), the Board of General Appraisers (now the United States Customs Court) affirmed the classification.

In the Tariff Act of 1922, Congress, for some reason, made a distinction, for tariff duty purposes, between green or unripe beans and dried beans. It is hardly necessary for us here to determine why such a differentiation was regarded as necessary. The difference in use, weight, bulk, and the variable seasons of use might form a basis for a difference in tariff treatment.

At the time of preparing the bill, the Ways and Means Committee had before it Summary of Tariff Information, 1921, in which, at page 786, we find the following concerning "Beans":

*Description and uses.*—This group embraces principally dried, but also *green* and *pod* beans, soya beans, and canned or prepared beans.

\* \* \* \* \* \* \*

The great bulk of the commercial crop, employed almost exclusively for human food, is marketed as *dry beans;* the culls are fed to livestock, and the straw is consumed as roughage for fertilizer. *Green or unripe beans (including string beans) enter only into a rather local or seasonal trade when not canned or preserved in brine.* (Italics except paragraph title ours.)

It will be noticed that paragraph 763, with the exception of the "n. s. p. f." clause, was presented to Congress by the Tariff Commission in the form in which we find it in the act.

The emergency Tariff Act of 1921 placed a duty of 2 cents per pound upon all beans provided for in paragraph 197 of the Tariff Act of 1913, which were dutiable at 25 cents per bushel of 60 pounds.

The statement, "green or unripe beans (including string beans) enter only into a rather local or seasonal trade when not canned or preserved in brine," in our judgment has reference to a class of beans entirely different from the merchandise at bar. Trade in the beans at bar is not necessarily *seasonal*. The record and the sample indicate that their sale might extend over the entire year or longer. The Tariff Commission mentions string beans as one kind of green or unripe bean. String beans are defined in Webster's New International Dictionary as follows:

The unripe pods of any of several kinds of beans used in cooking—so called because the strings are stripped off in preparing them.

There are green or unripe beans other than string beans. Green lima beans, in the pod or shelled, are well-known articles of trade.

The burden of importer's argument is that these beans are immature and must be classified as "green or unripe," even though they are dried, because "dried beans" has reference always to mature beans. There is no showing in this record that the term "beans, * * *; dried," either commonly or commercially, is confined to the mature bean. As we view the question, if it were conceded that these were green beans, they would be, also, green beans, dried. In T. D. 18523, above cited, long prior to the passage of the Tariff Act of 1922 the Board of General Appraisers had held string beans, which are admittedly green or unripe beans, to be beans, which term, at that time, included both green and dried beans. In the present act, Congress provided for "beans, * * *; dried," which, in our judgment, includes green beans, dried.

As has been pointed out by *amici curiae*, merchandise must be classified and assessed for duty in the condition imported and the condition in which the merchandise at bar is imported is in its dried condition. Under the admitted facts in this case, the merchandise is green or unripe beans which have been dried.

In *R. B. Boak & Co.* v. *United States*, 16 Ct. Cust. Appls. 167, T. D. 42792, this court held that codfish, which had been skinned, boned, and smoked, was dutiable under the provision for "fish * * * smoked," rather than the provision for "all other fish, skinned or boned," following *United States* v. *Aki Co.*, 12 Ct. Cust. Appls. 415, T. D. 40588, and *Seeman Bros. (Inc.) et al.* v. *United States*, 12 Ct. Cust. Appls. 421, T. D. 40590. In the *Aki* case, fish, skinned and boned, cut into sections and dried, were held to be dutiable as "dried fish," although they had been skinned and boned. The same was the holding in *Seeman Bros.* v. *United States* as far as its applicability is pertinent here.

For the same reasons, in part, we hold, upon this record, that the beans in question are more than "green or unripe beans," but are "beans, * * *; dried," and were properly classified by the collector.

The judgment of the United States Customs Court is *reversed*.