CRESCA CO. (INC.) *v.* UNITED STATES (No. 3315)[1]

United States Court of Customs and Patent Appeals, April 29, 1930

*B. A. Levett* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham*, special attorney, of counsel), for the United States.

[1] T. D. 44027.

58

[Oral argument April 16, 1930, by Mr. Levett and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise consisting of stuffed olives in oil, imported in bottles, was assessed for duty by the collector at the port of New York as prepared or preserved fruit at 35 per centum ad valorem under paragraph 749 of the Tariff Act of 1922.

The importer protested, claiming that the merchandise was properly dutiable as "stuffed olives" at 30 per centum ad valorem under paragraph 744.

The pertinent part of paragraph 749 reads as follows:

PAR. 749. Fruits in their natural state, or in brine, pickled, dried, desiccated, evaporated, or otherwise prepared or preserved, and not specially provided for, and mixtures of two or more fruits, prepared or preserved, 35 per centum ad valorem: * * *.

Paragraph 744 reads as follows:

PAR. 744. Olives in brine, green, 20 cents per gallon; ripe, 20 cents per gallon; pitted or stuffed, 30 cents per gallon; dried ripe olives, 4 cents per pound.

The sole question in the case is one of law.

In its decision overruling the protest, the court below, in an opinion by Waite, Justice, among other things, said:

We are of the opinion that they are not covered by paragraph 744. Applying no other rule of construction than that afforded by the rules of English grammar we reach the conclusion that two general classes of olives are there enumerated, viz, olives in brine and dried ripe olives. The olives in brine are divided into three subdivisions, green, ripe, and pitted or stuffed. The green olives in brine and the ripe olives in brine are subjected to a duty of 20 cents per gallon, and the others to a duty of 30 cents per gallon. Putting it in another way, the subject matter of the first three brackets of said paragraph is olives in brine and separate classifications are provided for them according to whether they are (1) green, or (2) ripe, or (3) pitted or stuffed. The last provision in the paragraph for "dried ripe olives" is obviously a separate and independent enumeration exactly as if it were in a different paragraph.

We are in full accord with the trial court's construction of the statute.

Counsel for appellant argues that "In order to give the paragraph a reasonable effect, it is clear that the first semicolon must be read as a comma, thus providing for olives in brine whether green or ripe, and for pitted or stuffed and dried ripe olives in whatever condition they may be imported." It is also contended that this court so construed the paragraph in the case of *United States* v. *Moscahlades*, 13 Ct. Cust. Appls. 633, T. D. 41482.

It will be observed that the Congress has divided paragraph 744 into four separate dutiable provisions. The subject matter of the first three provisions is "Olives in brine," and the gallon is made the unit of measure; whereas the fourth provision provides for "dried ripe olives," and the pound is made the unit of measure.

It is impossible, unless we are to assume legislative functions, to hold that the word "olives," unqualified, is the subject of the third provision—"pitted or stuffed, 30 cents per gallon." Nor will it solve the problem to substitute a comma for the first semicolon in the paragraph, as suggested by counsel for appellant, for, if the statute be thus construed, there still remains the necessity of providing a subject for the words "pitted or stuffed." In view of the fact that "Olives in brine" is plainly the subject of the first three provisions, it would amount to a plain and intentional usurpation of legislative authority to hold that the words "in brine" are not a part of the subject matter of the provision under consideration.

It is argued that this court evidently reached a different conclusion in the case of *Moscahlades Bros.* v. *United States*, 13 Ct. Cust. Appls. 633, 634, T. D. 41482, where it was said:

A consideration of paragraph 744 leads to the conclusion that four classes of olives are therein provided for, namely: Green olives in brine, ripe olives in brine, pitted or stuffed olives, and dried ripe olives.

The sole purpose of this language was to point out that ripe olives preserved by the use of dry salt (not a brine) were not included in the paragraph. Counsel for appellant concedes that the issue involved in this case was not before us in the *Moscahlades* case.

In the case of *Costogue et al.* v. *United States*, 15 Ct. Cust. Appls. 55, T. D. 42152, this court, in considering the dutiable status of broken and bruised green olives and pieces of pimiento imported in brine, made the following general observation relative to the scope of paragraph 744, *supra:*

A consideration of the language of this paragraph leads to the conclusion that the Congress intended to enumerate three classes of olives, green olives, ripe olives, and pitted or stuffed olives, and that the first two designations referred to whole olives. The imported articles are not, in the ordinary meaning of the term, whole olives. *Von Bremen, Asche Co.* v. *United States,* 12 Ct. Cust. Appls. 407; *La Manna, Azema & Farnan* v. *United States,* 14 Ct. Cust. Appls. 289.

Obviously, it was not intended to hold, nor even to suggest, that the paragraph included all green, ripe, and pitted or stuffed olives. Yet, if the language of the court, appropriately there used to explain its action, should be considered as a construction of the statute for all purposes, it would appear that we had completely ignored the words "in brine" contained in the paragraph.

In the case of *Courtney Conover* v. *Charles R. Downs*, 17 C. C. P. A. —, — Fed. (2d) —, we said:

Undue liberties should not be taken with the language in a court decision. Rather it should be construed and applied in accordance with the precise issue before the court. If this course is followed much useless litigation may be avoided.

The quoted statement is particularly applicable to the case at bar.

The judgment is *affirmed*.