UNITED STATES *v.* ENBUN Co. (No. 3420)[1]

United States Court of Customs and Patent Appeals, October 26, 1931

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Ralph Folks*, special attorneys, of counsel), for the United States.

*Lawrence & Baldwin* (*Martin T. Baldwin* of counsel) for appellee.

[1] T. D. 45224.

80

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee imported at the port of Los Angeles certain fish in one-half pound packages, which was returned by the collector for classification under the provision for fish "otherwise prepared or preserved, in immediate containers weighing with their contents not more than fifteen pounds each," as provided in paragraph 720 of the Tariff Act of 1922. They are claimed in the protest to be dutiable under paragraph 718 of said act as "dried fish."

The competing paragraphs are as follows:

PAR. 718. Salmon, pickled, salted, smoked, kippered, or otherwise prepared or preserved, 25 per centum ad valorem; finnan haddie, 25 per centum ad valorem; dried fish, salted or unsalted, 1¼ cents per pound; smoked herring, skinned or boned, 2½ cents per pound; all other fish, skinned or boned, in bulk, or in immediate containers weighing with their contents more than fifteen pounds each, 2½ cents per pound net weight.

PAR. 720. Fish (except shellfish), by whatever name known, packed in oil or in oil and other substances, 30 per centum ad valorem; all fish (except shellfish), pickled, salted, smoked, kippered, or otherwise prepared or preserved (except in oil or in oil and other substances), in immediate containers weighing with their contents not more than fifteen pounds each, 25 per centum ad valorem; in bulk or in immediate containers weighing with their contents more than fifteen pounds each, 1¼ cents per pound net weight.

It was stipulated on the trial that the merchandise consisted of dried, unsalted fish, known as bonita, which had been shaved or shredded, and that it was imported in packages weighing less than 15 pounds each.

The United States Customs Court sustained the protest under said paragraph 718, and from the resulting judgment the Government has appealed.

The question now before us for determination is whether, under the provisions of the respective paragraphs involved, the merchandise is more specifically described as "dried fish" or as fish "otherwise prepared or preserved."

It is argued by the Government that because the fish in question had been subjected to a further process, namely, that of shredding or shaving, the fish has become something more than dried fish and should be properly classified, under the said provision in said paragraph 720, as prepared fish.

We are not prepared to coincide with the views of Government counsel in this respect. Drying has long been held by this court to be a method of preservation. *United States* v. *Kagawa*, 5 Ct. Cust. Appls. 388, T. D. 34934.

If drying is in itself a particular kind of preservation, it seems to follow, as a natural sequence, that the language "dried fish" is more specific than the general language fish "otherwise prepared or preserved."

We had a somewhat similar case before us in *Shallus & Co.* v. *United States*, 18 C. C. P. A. (Customs) 332, T. D. 44585, where the contest was between the two provisions "dried egg albumen" and "egg albumen, * * * otherwise prepared or preserved" We there held that while the egg albumen in question had been prepared, it was also dried, and summed up the matter in the following language:

* * * If, therefore, the albumen is both dried and prepared, there can be but one conclusion in the matter, namely, that it must be classified as dried, for it must be conceded, we think, that the expression "dried egg albumen" is more specific than "egg albumen prepared or preserved." The term "preparation or preservation" may cover many processes. The term "dried egg albumen," however, is specific and covers but one. * * *

To the same effect is *United States* v. *Fruit Products Corp.*, 12 Ct. Cust. Appls. 337, T. D. 40486, where the contest was between "cherries prepared" and "cherries, * * * sulphured, or in brine."

Attention is called to the case of *United States* v. *Aki Co.*, 12 Ct. Cust. Appls. 415, T. D. 40588. We are of the opinion that the case cited is not directly in point here. In that case this court held that where paragraph 718 of the Tariff Act of 1922 recited in the first instance several specific kinds of fish, including dried fish, and then in a final catchall provision recited, "all other fish, skinned or boned," the latter clause must be held to refer to fish which were not specifically mentioned in the preceding portion of the paragraph.

In *United States* v. *Hammond*, 15 Ct. Cust. Appls. 386, T. D. 42567, certain codfish, cleaned, beheaded, dried, salted, skinned, boned, and cut up into pieces and packed into containers, the packages weighing more than 15 pounds each, were classified for duty as "all other fish, skinned or boned," as provided in paragraph 718 of said Tariff Act of 1922. The importer claimed them to be properly classifiable as "dried fish," as provided in the same paragraph. The United States Customs Court sustained the protest, and this court affirmed its judgment. In that case, much the same argument was presented to the court as is presented in the case at bar.

Attention is also called, by counsel for the Government, to the case of *Boak* v. *United States*, 16 Ct. Cust. Appls. 167, T. D. 42792. In that case the competing provisions were said paragraphs 718 and 720. The fish in question was codfish, skinned, boned, and smoked, in packages of more than 15 pounds each. It was classified under the provision for "all other fish, skinned or boned," as provided in said paragraph 718. It was claimed to be dutiable as "all fish, * * *

smoked, * * * or otherwise prepared or preserved," as enumerated in said paragraph 720. This court held that the fish was properly dutiable as smoked fish, because of its specific enumeration as such by the language of said paragraph 720.

It will be observed that there is no specific enumeration of shaved or shredded fish in either paragraph 718 or paragraph 720. If in either of said paragraphs there was such an *eo nomine* designation, then a different case might arise. As there is not, however, no such difficulty arises, and the goods were properly held to be dutiable as dried fish.

The judgment of the United States Customs Court is *affirmed*.