LEKAS & DRIVAS v. UNITED STATES (No. 3481)[1]

United States Court of Customs and Patent Appeals, March 7, 1932

Brown & Carter (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*William Whynman* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[1] T. D. 45523.

[Oral argument February 9, 1932. by Mr. Carter and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Several entries of canned beans were made at the port of New York. The collector severally classified the beans upon the full weight of the contents of the cans, at two cents per pound, as beans. prepared or preserved, under paragraph 763 of the Tariff Act of 1922, which paragraph is as follows:

PAR. 763. Beans, not specially provided for, green or unripe, one-half of 1 cent per pound; dried 1¾ cents per pound; in brine, prepared or preserved in any manner, 2 cents per pound.

In each case the importer protested, claiming the goods to be dutiable on their net weight, less water and containers, at one-half of 1 per centum per pound as green beans, under said paragraph 763. The United States Customs Court, Third Division, held that the weight of the water in which the beans were packed should be excluded in computing duty and sustained the protests in that respect. The court held, however, that the beans were not dutiable as green beans, but as beans, prepared or preserved, at 2 cents per pound, as provided in said paragraph 763. The importers have appealed.

The samples introduced, as well as the testimony, show that the beans in question are in the pod, and are immersed in a slightly salty water, which water is shown by the analysis of the Government analyst to contain approximately 0.78 per centum of salt. The beans have been prepared by clipping the ends off the pods, and they have been cooked. · It is shown that they were picked, cooked, put in the cans, then water and a little salt were added, the cans were closed, sterilized, labeled, and were ready for the market. The pods of the beans are green and contain immature beans. They are used for side dishes and for salads.

It is contended by the importers that said paragraph 763 provides for three kinds of beans; namely, beans, green or unripe; beans, dried, and beans in brine; that a further subclassification has been made of beans in brine into prepared or preserved beans in brine; that the words "prepared or preserved" in the paragraph refer to the antecedent, "in brine"; that as these beans are admittedly not in brine under our decisions in *Delapenha & Co.* v. *United States*, 6 Ct. Cust. Appls. 18, T. D. 35252, and *Moscahlades Bros.* v. *United States*, 13 Ct. Cust. Appls. 633, T. D. 41482, although admittedly prepared, they can not be classified under the last clause of the paragraph.

On the other hand, the Government contends that these beans are not green or unripe; that the paragraph provides for five kinds of beans; namely, green or unripe, dried, in brine, prepared, and pre-

served; that the words "prepared or preserved" refer to the subject, "beans."

We need go no further in this matter than to take the ordinary meaning of the words in the paragraph to ascertain what the congressional intent was. The term "green or unripe" obviously applies to beans which are fresh and immature, such as those which are ordinarily picked in the pod condition. Webster's New International Dictionary, 1932, in defining the adjective "green," gives one meaning of the word as "fresh." In defining the expression "green vegetation," the same lexicographer defines the term to mean "Fresh leaves or branches of trees or other plants." It is in this sense, we believe, that Congress used the words "green or unripe" in this paragraph. Obviously the paragraph was intended to cover all kinds of beans which were not specifically elsewhere covered. There is no contention here that these particular beans are specifically mentioned in any other paragraph. The argument that the expression "in brine, prepared or preserved in any manner," refers only to such beans as are in brine, answers itself, for as very properly pointed out by the court below in *Neuman & Schwiers* v. *United States*, T. D. 41689, 50 Treas. Dec. 64, if the words "prepared or preserved" refer only to beans which are in brine, then there was absolutely no necessity for inserting the words in the paragraph at all, as the words "in brine" include all beans in brine, in any state or condition.

It is quite apparent, therefore, the words "prepared or preserved" were intended to include a class of beans not theretofore specifically mentioned, and such beans as those before us. It can not successfully be contended that these beans are green within the above meaning, for they have been cooked.

The term "green or unripe beans," as we have said, refers to such beans as are imported in a fresh and immature condition, whether in the pod or otherwise, and not to the color of the beans. It will be borne in mind that there are green beans within the meaning of this statute which are not green in color, but are yellow, or spotted, or streaked with various colors. The term refers to the condition and not to the color. We expressed much the same views in *United States* v. *Goldmark & Sons*, 16 Ct. Cust. Appls. 562, T. D. 43295.

If there were any ambiguity about this paragraph, any doubt would be resolved in favor of the conclusion we have heretofore arrived at, by reference to the Summary of Tariff Information, 1921, page 786, wherein, Government counsel point out, is found this language in connection with said paragraph:

* * * The words "in brine" have been added to prepared or preserved beans in order to make string beans in brine, for instance, dutiable under this paragraph rather than under the general provision for vegetables in brine.

This summary of tariff information was before the Senate of the United States when H. R. 7456, afterwards the Tariff Act of 1922, was being considered, and it is assumed that the information contained therein was before both houses of the Congress at the time the bill was passed.

Our attention has been called to our decisions in *Costogue* v. *United States*, 15 Ct. Cust. Appls. 55, T. D. 42152, and *Cresca Co.* v. *United States*, 18 C. C. P. A. (Customs) 57, T. D. 44027, wherein paragraph 744 of the Tariff Act of 1922, relative to olives, was being considered. Those cases were decided upon the particular language of the paragraph there involved, which was different from that now before us, and required a construction in accordance with the language used. We do not find these cases to be in point in the case at bar.

No cross appeal was taken by the Government upon the ruling of the court below that the weight of water and containers should be excluded from the dutiable weight of the goods. It is also conceded here that the court committed no error in that respect. This obviates any ruling by us on this point.

The judgment of the United States Customs Court, Third Division, is *affirmed*.