UNITED STATES *v.* MAX ISAACS (No. 3792)[1]

[1] T. D. 47375.

United States Court of Customs and Patent Appeals, November 5, 1934

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *John F. Kavanagh*, special attorneys, of counsel), for the United States.

No appearance for appellee.

[Oral argument October 8, 1934, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This appeal by the Government from judgments of the United States Customs Court embraces two cases in which the merchandise and the parties are identical. Separate judgments were rendered by the trial court on the same day. In each instance the trial court cited its prior decision in the case of *Friedman & Co. Inc.* v. *United States*, 64 Treas. Dec. 390, T. D. 46686, which, at the time of the rendition of the judgments here involved, had been appealed to this court, and which was later reversed and remanded upon a stipulation of counsel without any decision by us upon its merits.

In the instant case there was no appearance before this court on behalf of appellee and no brief on his behalf was filed.

The merchandise consists of beads composed of synthetic resin in imitation of amber. They were classified by the collector under paragraph 1503 of the Tariff Act of 1930, duty being collected at the rate of 75 per centum ad valorem. The material claims of importer's protests were for duty at only 45 per centum ad valorem under the same paragraph. The here pertinent language of the paragraph reads:

PAR. 1503. * * * beads composed in chief value of synthetic resin, 75 per centum ad valorem; all other beads in imitation of precious or semiprecious stones, of all kinds and shapes, of whatever material composed, 45 per centum ad valorem: * * *

The trial court sustained the protest.

This we think was error.

We have carefully examined the court's decision in the *Friedman & Co.* case, *supra*. As we interpret that decision, it proceeds upon the theory that the phrase "of whatever material composed" amounts to an *eo nomine* designation; that the clause relating to beads composed in chief value of synthetic resin does not include the expression "in imitation of precious or semiprecious stones," while the other clause does, and that inasmuch as the involved beads are in imitation of amber the latter clause is applicable.

We are convinced that the trial court in its construction of the language failed to give the effect which we think must be given to the words "all other" with which the second clause begins.

It seems to us that the *eo nomine* provision for "beads composed in chief value of synthetic resin" must have been intended to embrace all beads so composed whether in imitation of precious or semiprecious stones or not, and that by using the words "all other" in the connection in which they appear, Congress evidenced its intent to provide in the second clause for only such beads as are *not* composed in chief value of synthetic resin, and that the expression "of whatever material composed" relates only to beads other than synthetic resin beads.

This appears to us to be the most natural and logical construction of the paragraph, and nothing which we regard as being inconsistent with this view is found in the reasoning of the cases cited by the trial court in its decision in the *Friedman & Co.* case, *supra*.

On the other hand, we think there will be found in the case of *United States* v. *Aki Co.*, 12 Ct. Cust. Appls. 415, T. D. 40588, a construction quite analogous to our construction here.

We there had under consideration a paragraph which, after providing for certain kinds of fish, *eo nomine*, then made provision for "all other fish" of certain types. We held, in effect, that by the use of the word "other" Congress intended to limit the application of the clause in which it appeared to fish that had not already been mentioned in the paragraph.

Let judgments enter *reversing* both judgments here involved.